## FLETCHER *v.* HAMLET.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF LOUISIANA.

Submitted December 21. 1885.—Decided January 18, 1886.

Cases advanced under Section 3 of Rule 32 are to be submitted on printed briefs and arguments after service of notice and brief or argument.

When one of several defendants in a suit on a joint cause of action in a State court loses his right to remove the action into a Circuit Court of the United States by failing to make the application in time, the right is lost as to all.

This was a motion to dismiss or affirm. The facts which make the case are stated in the opinion of the court.

*Mr. B. R. Forman* for the motion.

*Mr. Edgar H. Farrar* and *Mr. Ernest B. Kruttschnitt* opposing.

Mr. CHIEF JUSTICE WAITE delivered the opinion of the court.

This is a writ of error brought under § 5 of the act of March 3, 1875, 18 Stat. 470, ch. 137, for the review of an order of the Circuit Court remanding a case which had been removed from a State court. It has been advanced under Rule 32, and is now for hearing on its merits. In submitting the case the defendants in error treat the rule as though it required a motion to dismiss or affirm. Such is not the proper practice. Cases advanced under section 3 of Rule 32 are to be submitted like

motions to dismiss under Rule 6, that is to say, on printed briefs or arguments after service of notice and brief or argument, as required by section 4, Rule 6.

The facts are these: Hamlet, Bliss & Elliott, citizens of Alabama, brought suit in the Civil District Court of the Parish of Orleans, on the 17th of March, 1883, against the commercial firm of Fletcher, Wesenberg & Co., doing business in New Orleans, Louisiana, and composed of John F. Fletcher, Thomas O'Conner, William Wesenberg, and George M. Fletcher. Service of citation was made on the firm and William Wesenberg through Wesenberg in person, April 6, 1883. This was good service on the firm, and according to the laws of Louisiana a judgment in the action would bind Wesenberg personally, and the assets of the firm and of the other members of the firm in Louisiana. On the 6th of April Wesenberg appeared and filed exceptions to the petition on his own behalf and on behalf of the firm. These exceptions, which involved the merits of the case, were sustained in the District Court April 17, 1883, but on appeal to the Supreme Court the judgment of the District Court was reversed, and the cause remanded for further proceedings. Wesenberg then filed an answer for himself and for the firm May 22, 1884. On the 4th of June, 1884, process was issued and served on John F. Fletcher. The effect of this was to bring Fletcher into the suit so as to bind him personally by a judgment in the action as well as his property in Louisiana. On the 17th of June Fletcher filed exceptions individually and on behalf of the firm. These exceptions were referred to the merits, November 28, 1884, and Fletcher then filed his answer. The case was set down for trial December 4, 1884, but not being reached was ordered to be continued until the next jury term.

A term of the court began on the first Monday in November, 1884, and it continued until the third Monday in July, 1885. For convenience, different weeks in the term were set apart for jury trials. These weeks, occurring at intervals during the term, were often referred to as jury terms.

On the 5th of February, 1885, Wesenberg and John F. Fletcher joined in a petition for the removal of the suit to the

Circuit Court of the United States for the Eastern District of Louisiana, on the ground that they were citizens of Tennessee and the plaintiffs citizens of Alabama, and that the suit involved a controversy wholly between citizens of different States. When the case was entered in the Circuit Court it was remanded. To reverse that order this writ of error was brought.

It is conceded that the suit was not removable when the petition for removal was filed, unless the service of process on Fletcher on the 4th of June so changed the character of the litigation as to make it substantially a new suit, begun on that day. In our opinion such was not the effect of the new process. The suit was begun when process was served on Wesenberg and the firm. If judgment had been rendered against the defendants at any time after that it could have been enforced against Wesenberg personally and against all the property of the firm and of the individual partners in Louisiana. The cause of action is joint. There is no separable controversy in the case. There can be no removal by the defendants unless they all join and all are citizens of different States from the plaintiffs. Confessedly Wesenberg lost his right to a removal by failing to make the application in time, and as Fletcher cannot take the case from the State court unless Wesenberg joins with him, it follows that he is subjected to Wesenberg's disability.

The order to remand is

*Affirmed.*