ABEL v. BOOK et al.

(Circuit Court, D. Washington, W. D. February 5, 1903.)

1. REMOVAL OF CAUSES—DIVERSE CITIZENSHIP—JOINDER OF DEFENDANTS—WAIVER OF RIGHT.

Where, in an action to annul certain conveyances against several defendants, there was no separable controversy, and one of the defendants originally entitled to remove the cause to the federal courts had waived his right by failing to exercise it within the time prescribed, a subsequent joint application for removal could not be granted.

In Equity. Suit to annul certain conveyances of real estate, alleged to be fraudulent as to creditors of the grantor. Heard on motion to remand the case to the state court in which it was commenced. Motion granted.

W. H. Abel, in pro. per.
J. C. Cross, for defendants.

HANFORD, District Judge. The defendants have attempted to remove this case from the state court in which it was commenced into this court by a joint petition for removal, filed after one of them had forfeited the right of removal by suffering the time within which he could exercise the right to elapse, and by defensive proceedings in the state court. The plaintiff now moves to remand the case on the ground that this court is without jurisdiction. There is no separable controversy which would entitle the other defendants to claim the right of removal, and there is no contention that the case was removed on the ground of a separable controversy. Hence it is necessary for all the defendants to unite in claiming the right of removal, and the question presented by the motion to remand is whether the case could be lawfully removed, after one of several defendants who might origi-

¶ 1. Separable controversy as ground for removal of cause to federal court, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Mineral Co., 35 C. C. A. 155.

nally have claimed the right has suffered the time within which he might have exercised his right to elapse, so as to bar him from filing a petition for removal if he were the sole defendant. It is my opinion that, since all the defendants are required to join in the petition for removal, the case is governed by the principle first laid down, in the opinion of the supreme court by Chief Justice Marshall, in the case of Strawbridge v. Curtiss, 3 Cranch, 267, 2 L. Ed. 435, that it is essential to federal jurisdiction, when claimed on the ground of diversity of citizenship of the parties, that:

"Each distinct interest should be represented by persons, all of whom are entitled to sue, or may be sued, in the federal courts; that is, that, where the interest is joint, each of the persons concerned in that interest must be competent to sue or liable to be sued, in those courts."

See, also, Ex parte Girard, Fed. Cas. No. 5,457; Roberts v. Navigation Co. (C. C.) 104 Fed. 577.

The same principle was applied by the supreme court in the case of Fletcher v. Hamlet, 116 U. S. 408, 6 Sup. Ct. 426, 29 L. Ed. 679. The concluding part of the opinion by Chief Justice Waite in that case might be paraphrased to fit the case under consideration exactly. It reads as follows:

"The cause of action is joint. There is no separable controversy in the case. There can be no removal by the defendants unless they all join, and all are citizens of different states from the plaintiffs. Confessedly, Wesenberg lost his right to a removal by failing to make the application in time; and, as Fletcher cannot take the case from the state court unless Wesenberg joins with him, it follows that he is subjected to Wesenberg's disability."

That decision is controlling, and it would be unnecessary for this court to take the pains to write an opinion merely to affirm what the supreme court has decided; but the statute of 1875 [U. S. Comp. St. 1901, p. 507] defining the jurisdiction of the United States circuit courts, which was in force at the time of the decision in Fletcher v. Hamlet, has been revised, and in part superseded, by the act of 1887 [U. S. Comp. St. 1901, p. 507], as amended by the act of 1888 [U. S. Comp. St. 1901, p. 507]; and it is necessary for this court to decide the question of jurisdiction in this case, and in making its decision apply the later statute. I do not find, however, that any such changes have been made in the law as to affect the jurisdiction of the United States circuit courts in cases involving no separable controversy, and where one or more of several defendants claim the right of removal, which would be a lawful right if he or they were not joined with other defendants not entitled to invoke federal court jurisdiction.

Motion to remand granted.