## ZEAGLER v. HUNT et al.

### No. 341.

District Court, W. D. Louisiana, Alexandria Division.

April 8, 1941.

Sidney G. Myers, of Shreveport, La., for plaintiff.

Thompson & Thompson, of Monroe, La., and Blanchard, Goldstein, Walker & O'Quin, of Shreveport, La., for defendants.

PORTERIE, District Judge.

B. E. Zeagler, a resident of Louisiana, as plaintiff, instituted this suit before the Eighth Judicial District Court of Louisiana, alleging that the defendants, H. L. Hunt, a resident of Texas, and the Louisiana Central Oil & Gas Company, a corporation organized under the laws of the state of Delaware, have slandered the title of plaintiff to certain described lands by claiming rights to oil and gas in and under the lands. The petition complied with the Practice Act of Louisiana in that real

and actual possession as owner for more than a year was claimed. The defendants jointly petitioned the Eighth Judicial District Court of Louisiana, alleging diversity of citizenship between all the parties and the requisite jurisdictional amount. The plaintiff has presented his motion to remand this suit to the Eighth Judicial District Court of Louisiana solely upon the ground that this cause is joint and not separable; and that the defendant, H. L. Hunt, has lost the right of removal by failing to make timely application therefor which, in the absence of a separable controversy, likewise subjects the other defendant, Louisiana Central Oil & Gas Company, to the same disability.

It is accepted by both sides that citation was had on Hunt on July 10, 1940, and that Hunt appeared in the joint motion of the defendants to remove the case from the state to the federal court not earlier than July 30, 1940—a lapse of twenty days. "The delay in no case shall exceed fifteen days in all." Article 180, Code of Practice of Louisiana. The petition to remove must be filed before the expiration of the time within which the defendant is required to answer or to plead to the petition in the state court, Judicial Code, § 29, 28 U.S.C.A. § 72; the time limit is mandatory and strictly applied, Delbanco v. Singletary, C.C., 40 F. 177, 178; Daugherty v. Western Union Tel. Co., C.C., 61 F. 138, 139; Ex parte Bopst, 4 Cir., 95 F.2d 828; Town of Fairfax, Oklahoma v. Ashbrook, D.C., 3 F.Supp. 345. Where a defendant loses the right of removal by failing to make timely application, the other defendants are, in the absence of a separable controversy, subject to the same disability. Abel v. Book, C.C., 120 F. 47; Fletcher v. Hamlet, 116 U.S. 408, 6 S.Ct. 426, 29 L. Ed. 679; De Stefano v. Gregg, D.C., 24 F. Supp. 187.

The single question then to decide is whether the petition of the plaintiff presents a separate controversy as between plaintiff and each of the two defendants. In other words, is there a distinct and separate cause of action stated by the plaintiff against each defendant? If the latter question be in the affirmative, the case remains in the federal court; if the controversy be not a separable one, each defendant being an indispensable party to the other, the case must be remanded to the state court.

The real source of help to decide the question has to come from the petition itself—to the exclusion of the language in the removal pleas and briefs, which tends to add to or enlarge its actual content.

The action originating in the state court is one of jactitation or slander of title, as it is peculiarly known to the Louisiana jurisprudence; the first article of the petition asserts on the part of the plaintiff the real and actual possession as owner under warranty deeds translative of title to three certain tracts of land, and alleges, further, the physical possession for more than a year before the institution of the action.

We should quote Articles 2, 5 and 6 in full:

"2. That the Louisiana Central Oil and Gas Company, which purports to be a corporation existing under the laws of the State of Delaware, and qualified to transact business within the State of Louisiana, and of which C. C. Sheppard of Clarks, Louisiana, is agent for the service of process, and H. L. Hunt, who is a resident of the City of Dallas, State of Texas, are slandering your petitioner's rights and title in full ownership of said estates by asserting claims to the minerals in and under the same."

"5. That your petitioner has made formal demands upon each of said defendants. to be furnished with recordable instruments in writing, disclaiming any rights or interests in petitioner's described estates, which demands are now judicially reiterated and that petitioner does now expressly reserve his rights to sue for all damages resulting from the slander of petitioner's title, including attorney's fees."

"6. That petitioner is entitled to judgment herein decreeing that defendants are slandering your petitioner's title to said described lands, and recognizing your petitioner's possession as owner, unless said defendants shall within a reasonable delay to be fixed by this Honorable Court institute an action for the maintenance of any claims or purported rights in petitioner's lands."

The points which tend to show that the controversy is not separable are: (a) the same land is involved as to each of the two defendants; (b) the two defendants are joined in the one civil action of jactitation or slander of title; (c) in Article 2, after naming the two defendants as forming the subject of the one sentence of Article 2, the predicate follows: "are slandering your petitioner's rights and title in full

ownership of said estate by asserting claims to the minerals in and under the same"; (d) taking the language of Article 5 as a whole, it would seem that there is but one slander, though committed by two defendants; (e) and, likewise as to Article 6, there is sought but one judgment for one slander, though committed by two defendants.

The points which tend to show that the controversy is separable are: (a) the absence of the adjective "joint" or of the adverb "jointly" in the petition, when it would have been so simple to have used either one or both; (b) the absence of any allegation that the defendants have asserted joint and undivided claims or interests in the minerals under the lands, and the absence of any allegations that the defendants are claiming one from the other or from a common title; and, finally (c) the want of any allegation that the slander proceeded from some joint action or activity by the defendants under a common or mutual scheme of ownership.

The prayer asks "for a judgment in favor of your petitioner and against said defendants decreeing the slander by said defendants of petitioner's title, * * *."

We are prone to take a broad view of the language of the petition; in other words, take its most apparent meaning instead of analyzing the petition too strictly and, by the process of showing how it could have been more clearly and definitely drawn, come to reach the perhaps unwarranted conclusion that it signifies the very opposite of its plain intention. Since it is the same land and the two parties are made the defendants in one civil action, and there is but one slander, and the prayer is for a judgment in the singular, though against both defendants, we must make the reasonable inference that the controversy is not a separable one; each defendant is an indispensable party.

Therefore, the action is a joint one and not a separable one. We quote from the case of Fletcher et al. v. Hamlet, Bliss and Elliott, 116 U.S. 408, 6 S.Ct. 426, 427, 29 L.Ed. 679: "The cause of action is joint. There is no separable controversy in the case. There can be no removal by the defendants unless they all join and all are citizens of different states from the plaintiffs. Confessedly, Wesenberg lost his right to a removal by failing to make the application in time, and as Fletcher cannot take the case from the state court unless Wesenberg joins with him, it follows that he is subjected to Wesenberg's disability."

See, also, First Baptist Church of Taft v. Southern Mortgage Co. et al., D.C., 39 F. 2d 246.

Accordingly, an order will be signed remanding this case to the state court.