### Tomie G. TYLER

v.

### BONAPARTE'S FRIED CHICKEN, INC., Omni Capital Worldwide, Ltd. and Richard A. Friedberg.

### Civ. A. No. 85–111–B.

United States District Court, M.D. Louisiana.

April 8, 1985.

---

Timothy C. Ellender, Houma, La., W. Arthur Abercrombie, Jr., Taylor, Porter, Brooks & Phillips, Baton Rouge, La., for plaintiffs.

Robert A. Kutcher, Bronfin, Heller, Steinberg & Berins, New Orleans, La., for defendants.

POLOZOLA, District Judge.

This matter is before the Court on the motion of the plaintiff, Tomie G. Tyler, to remand this action to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. No oral argument is required on this motion.

On February 21, 1980, Tyler filed suit in the Thirty-Second Judicial District Court for the Parish of Terrebonne, State of Louisiana, against the following defendants: (a) Bonaparte's Fried Chicken, a corporation organized under Louisiana law with its principal place of business in Louisiana; (b) Omni Capital Worldwide, Ltd., a corporation organized under New York law with its principal place of business in New York; and (c) Richard Friedberg, a citizen of the state of Connecticut. The action sought damages against Bonaparte's Fried Chicken, Inc. resulting from an alleged breach of a lease agreement between Bonaparte's Fried Chicken, Inc. and the plaintiff. In addition, the plaintiff sought to enforce suretyship contracts whereby Omni Capital Worldwide, Ltd. and Friedberg allegedly agreed to guarantee payment of the first ten (10) years rent due under the alleged lease. Pursuant to a motion to change venue, the suit was subsequently transferred to the Nineteenth Judicial District Court, for the Parish of East Baton Rouge. On May 15, 1981, Bonaparte's Fried Chicken, Inc., the Louisiana corporation against whom this suit was initially filed, merged with Bonaparte's Fried Chicken, Inc., a corporation organized under the laws of Delaware with its principal place of business in New York. On January 10, 1985, the plaintiff filed an amended petition alleging that the defendants Friedberg and Omni are bound *in solido* with Bonaparte's due to their disregard for the corporateness of Bonaparte's. In addition, the amended petition prayed for an increase in attorney's fees from $50,000.00 to $100,000.00. On February 5, 1985, all defendants joined in a petition for removal pursuant to 28 U.S.C. § 1446(b)[1] claiming diversity of citizenship as the basis for subject matter jurisdiction. See 28 U.S.C. § 1332.

The plaintiff has based the present motion to remand on the contention that diversity jurisdiction is determined at the time the original complaint is filed and that if such jurisdiction did not exist at that time, it cannot be later acquired by a change of domicile by one of the parties. The defendants contend, in opposition to the motion to remand, that the change of Bonaparte's citizenship[2] after the commencement of the action allowed the defendants to remove the case after an amended petition had been filed. The defendants cite several cases which stand for the proposition

---

1. 28 U.S.C. 1446(b) provides that:

   If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

2. 8 Del.Code Ann. Tit. 8 § 259 has been interpreted to mean that after a foreign corporation has merged into a Delaware corporation, the surviving corporation is a citizen of Delaware for the purposes of diversity jurisdiction. See *Hoefferle Truck Sales v. Divco-Wayne,* 523 F.2d 543 (7th Cir.1975); *Webster Dictionary Co. v. William Collins Plus World Pub. Co., Inc.,* 436 F.Supp. 927 (W.D.N.Y.1977) and *Akwell Corp. v. Eiger,* 141 F.Supp. 19 (S.D.N.Y.1956).

that a case, originally removable but not removed from state court, may have its right to remove "revived" by the filing of an amended petition that "so change[s] the character of the litigation as to make it a substantially new suit begun that day." *Fletcher v. Hamlet,* 116 U.S. 408, 410, 6 S.Ct. 426, 426, 29 L.Ed. 679 (1886). See also *O'Bryan v. Chandler,* 496 F.2d 403 (10th Cir.1974), *cert. denied* 419 U.S. 986, 95 S.Ct. 245, 42 L.Ed.2d 194 (1974); *Henderson v. Mid-West Refining Company,* 43 F.2d 23 (10th Cir.1930); *Dow Corning Corporation v. Schpak,* 65 F.R.D. 72 (N.D.Ill. 1974); and *Garden Homes, Inc. v. Mason,* 143 F.Supp. 144 (D.Mass.1956). The rationale of this rule is that "willingness to remain in a state court to litigate a particular claim should not be interpreted as a willingness to remain in a state court to adjudicate a different claim." 14 Wright & Miller, *Federal Practice and Procedure,* § 3732 p. 728 (1976). See also *Henderson v. Mid-West Refining Company,* 43 F.2d at 25, and *Garden Homes v. Mason,* 143 F.Supp. at 145.

The argument asserted above by the defendants is not applicable to the present set of facts. The proposition upon which the defendants are relying presupposes that there was a right to remove that was lost by not exercising it within a prescribed period of time.[3] Presumably, the defendants consider that Bonaparte's change of citizenship through the merger constitutes the event that made the state action removable and that although such right was not exercised within thirty days of the event, the amended petition filed on January 10, 1985 "revived" that right. The change of Bonaparte's citizenship subsequent to the filing of the petition had no effect on the creation of diversity jurisdiction and, therefore, did not make the action removable. Diversity jurisdiction is a matter that is determined at the commencement of a suit. *Mullen v. Torrance,* 9

Wheat 537, 22 U.S. 537, 6 L.Ed. 154 (1824). It should be noted that "[a] corollary of the general rule that diversity is determined as of commencement is that if diversity of citizenship did not exist when the action was commenced, it cannot be created by a later change of domicile by one of the parties...." Wright & Miller, *supra,* § 3608 at p. 458. In *American Foundation, Inc. v. Mountain Lake Corp.,* 454 F.2d 200 (5th Cir.1972), the plaintiff was a Delaware corporation with its principal place of business in Florida and the defendant was a Florida corporation with its principal place of business in Florida at the commencement of the suit. The district court held that there was no diversity jurisdiction and the Fifth Circuit Court of Appeals affirmed the lower court's decision. The appellate court held that the facts supported the district court's finding that the principal place of business of the plaintiff was Florida at the commencement of the suit and there was no necessity to determine if or when such principal place of business had ceased being in Florida. In *Gresham Park Community Organization v. Howell,* 652 F.2d 1227 (5th Cir.1981), the Fifth Circuit discussed the holding of *American Foundation, Inc. v. Mountain Lake Corp.* and stated that:

> The rule [elucidated in *American Foundation*] appears to be based on the same concern for certainty that lies behind the companion rule that a change of citizenship occurring after the filing of the complaint will not divest the federal court of jurisdiction. (Citations omitted.) ... Certainty is also served by not allowing an event, *whether a change in citizenship* or the issuance of a state court order, *occurring during the pendency of the suit to create jurisdiction;* the parties and judge would encounter uncertainty in determining the existence of jurisdiction when crucial facts could change. Thus federal jurisdiction must

---

**3.** See *Fletcher v. Hamlet,* 116 U.S. 408, 6 S.Ct. 426, 29 L.Ed. 679 (1886); *O'Bryan v. Chandler,* 496 F.2d 403 (10th Cir.1974), *cert. denied* 419 U.S. 986, 95 S.Ct. 245, 42 L.Ed.2d 194 (1974); *Henderson v. Mid-West Refining Company,* 43

F.2d 23 (10th Cir.1930); *Dow Corning Corporation v. Schpak,* 65 F.R.D. 72 (N.D.Ill.1974); and *Garden Homes v. Mason,* 143 F.Supp. 144 (D.Mass.1956).

be determined under the facts as of the date of the filing of the complaint.

(Emphasis added.) *Gresham Park Community Organization v. Howell,* 652 F.2d at 1236 n. 25. Therefore, the Court finds that this action was removed "improvidently and without jurisdiction." Because of this finding, the Court sees no necessity in determining whether the amended petition filed on January 10, 1985, "so change[d] the character of the litigation as to make it a substantially new suit begun that day" (*Fletcher v. Hamlet,* 116 U.S. at 410, 6 S.Ct. at 426) so as to "revive" the right to remove that was lost by the failure of the defendants to timely remove the suit in accordance with 28 U.S.C. § 1446(b). In accordance with 28 U.S.C. § 1447(c),[4] the Court hereby remands this case to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

Therefore:

IT IS ORDERED that the motion of the plaintiff, Tomie G. Tyler, to remand this cause to the Nineteenth Judicial District Court, for the Parish of East Baton Rouge, State of Louisiana be, and it is hereby GRANTED.

Judgment shall be entered accordingly.

---

**4.** 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs.