**Rodney M. DOUGLASS and Milo Douglass, Plaintiffs,**

v.

**WEYERHAEUSER CO., Defendant.**

**WEYERHAEUSER CO., Cross-Complainant,**

v.

**Rodney M. DOUGLASS and Milo Douglass, Cross-Defendants.**

**No. CV 86–8214–ER (Kx).**

United States District Court, C.D. California.

June 8, 1987.

Nicholas W. Hornberger, Shield & Smith, Los Angeles, Cal., for plaintiffs.

Steven M. Schneider, John A. Ashby, Mitchell Silberberg & Knupp, Los Angeles, Cal., for defendant.

## AMENDED ORDER REMANDING ACTION TO STATE COURT

RAFEEDIE, District Judge.

Plaintiff filed this action in state court in 1982 naming Weyerhaeuser and several Doe defendants. On November 17, 1986, Weyerhaeuser received a Trial Setting Conference Statement which stated that the Does were voluntarily dismissed. Weyerhaeuser filed a petition removing this action to federal court on December 16, 1986 pursuant to 28 U.S.C. sections 1441 and 1332 based upon complete diversity of citizenship. The court had some questions concerning the timeliness of the removal upon diversity grounds and issued an Order to Show Cause why the action should not be remanded pursuant to 28 U.S.C. § 1446(b) for untimely removal. Both parties briefed the issue, and the court determined that diversity removal appeared timely thus vacating its Order to Show Cause.

Weyerhaeuser subsequently filed a motion for summary judgment. One of the its arguments was that the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*, (hereinafter "ERISA") preempted plaintiff's state claims for breach of statutory duties to pay benefits due on discharge and for recovery of insurance benefits. This argument is well taken given the express language of ERISA and numerous court decisions including *Blau v. Del Monte Corp.*, 748 F.2d 1348 (9th Cir.1984) and *Scott v. Gulf Oil*, 754 F.2d 1499 (9th Cir.1985).

Defendant's argument, however, raises a jurisdictional question that was not previously considered by the court in examining the petition removing this action to this court: If ERISA preempts some of plaintiff's claims, then should defendant have removed this action on federal question grounds within 30 days of receiving plaintiff's complaint in 1982?

Faced with this question, the court issued an oral Order to Show Cause re Improvident Removal at the hearing on defendant's Motion for Summary Judgment. The parties briefed the issue, and the matter came on for hearing before the court on

April 23, 1987. Steven M. Schneider and John A. Ashby of Mitchell Silberberg & Knupp appeared for defendant Weyerhaeuser and Nicholas W. Hornberger of Shield & Smith appeared for plaintiffs. The court has reviewed the papers and pleadings on file and the applicable law and determines that this case was untimely removed and should be remanded to the state court.

"The petition for removal in a civil action ... shall be filed within thirty days after the receipt by defendant ... of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." 28 U.S.C. § 1446(b).

■ The time limitations of § 1446(b) are mandatory and the defendant must strictly comply with them. 14A Wright, Miller and Cooper, *Federal Practice and Procedure*, § 3732, p. 527 (2d ed. 1985); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir.1980). If this case was not timely removed it should be remanded to the state court.

### REVIVAL OF THE RIGHT TO REMOVE

■ Assuming for a moment that this action was removable based upon "arising under" grounds in 1982, it is evident that Weyerhaeuser failed to remove the case within thirty days of receipt of the complaint. The initial question, therefore, is whether the case became removable again when the Does were dismissed and it became clear that there was complete diversity between the parties. The answer to this question must be no. The thirty day limit

bars subsequent removal of an action unless an amendment in a complaint fundamentally alters a case so as to constitute "substantially a new suit begun that day." *Fletcher v. Hamlet*, 116 U.S. 408, 410, 6 S.Ct. 426, 426–27, 29 L.Ed. 679 (1886); *Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n.*, 668 F.2d 962, 965 (7th Cir.1982); *Adams v. Western Steel Buildings, Inc.*, 296 F.Supp. 759 (D.Colo.1969).

The amendments in this case—dropping Doe defendants—surely do not fundamentally alter the nature of plaintiff's action; in fact, they do not alter the substance of the complaint in any respect. Thus, if this action was removable on "arising under" grounds when it was filed, defendant waived its right to remove the action by failing to file a Petition of Removal within thirty days, and this right has not been revived. "If a Defendant is desirous of litigating an action in federal court, he must seize the first opportunity to do so by removing the case to federal court within the prescribed thirty-day period. If the Defendant does not remove the case upon the first opportunity, the Defendant has waived his right to remove at a later time." *Hubbard v. Union Oil Co. of California*, 601 F.Supp. 790, 795 (S.D.W.Va.1985)

### REMOVAL BASED UPON ERISA PREEMPTION

The issue therefore is whether plaintiff's initial complaint for recovery of job related benefits was completely preempted by ERISA at the time that this complaint was served in 1982 so as to have been removable at that time.[1]

1. In its response to the Court's Order to Show Cause, defendant suggests that the Court indicated that this action should have been removed within 30 days of the decision in *Scott, supra*, and that it is inappropriate for the Court to base its OSC upon a decision in another case. Defendant's suggestion misconstrues this Court's concerns and statements. Although *Scott* does recognize that state claims for severance pay are preempted by ERISA and was decided in 1985, this Court believes that the statutory provisions of ERISA, which were in effect well before this case was served, provide the authority which supports preemption of plaintiff's claims by ERISA. Removal based upon ERISA preemption was not created by the decision in *Scott*; instead the right to remove emanates from the

statutory authority and was implicitly recognized in this circuit before *Scott* was decided. See *Lafferty v. Solar Turbines Int'l.*, 666 F.2d 408 (9th Cir.1982); *Blau, supra*.

Moreover, defendant's reliance upon *Avco Corp. v. Local 1010*, 287 F.Supp. 132 (D.Conn. 1968) is misplaced. That case indicates that even if the law justifying removal is unclear at the time the action was served, the failure to attempt to remove within 30 days operates as a waiver of the right to remove. Subsequent developments in the caselaw which clarify, or create a right to remove the action to federal court do not revive the right to remove. Thus, even if the right to remove this action was not clear prior to *Scott*, the nascent federal issue existed

ERISA creates federal causes of action for recovery of benefits due under pension and welfare plans. *See* 29 U.S.C. § 1132(a)(1)(B). ERISA has broad preemptive effect over state laws and "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan.... This section shall take effect on January 1, 1975." 29 U.S.C. § 1144(a).

The term "employee benefit plan" includes "employee welfare benefit plans." 29 U.S.C. § 1002(3). An "employee welfare benefit plan" is defined as:

> ... any plan, fund, or program which was ... established or maintained by an employer ... to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment ... or (B) any benefit described in § 302(c) of the Labor Management Relations Act, 1947 [29 U.S.C. § 186(c) ] (other than pensions on retirement or death, and insurance to provide such pensions).

"The effect of citing to § 186(c) is 'to include within the definition of "welfare plan" those plans which provide holiday and severance benefits, and benefits which are similar ...' " *Blau v. Del Monte Corp.*, 748 F.2d 1348, 1352 (9th Cir.1984) (citations omitted); *Scott v. Gulf Oil Corp.*, 754 F.2d 1499, 1502 (9th Cir.1985).

Defendant Weyerhaeuser's Motion for Summary Judgment makes clear that its "Employee Benefit Package" [as it is called in plaintiff's initial complaint] comes within the above ERISA coverage, and that ERISA preempts the state causes of action. *Blau, supra; Scott, supra.*

Defendant argues that because plaintiff's complaint only alleges causes of action under state law the case is not removable. Such a position is untenable, begs the question, and fails to take the "artful pleading" doctrine into account. The mere fact that the complaint alleges claims solely under state law does not end the inquiry. If the law creating plaintiff's causes of action is state law, "original federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is 'really' one of federal law." *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 13, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983).

■ Where a plaintiff brings a state claim in state court removal is not appropriate where the preempting federal law is only defensive against plaintiff's causes of action. Defensive preemption occurs where the federal law prohibits a plaintiff from bringing an action based upon state law. It is only where the federal law preempts the field *and* provides the plaintiff with a federal remedy that removal based upon preemption is allowed. *Hunter v. United Van Lines*, 746 F.2d 635 (9th Cir.1984).

As the Ninth Circuit has succinctly stated:

> The distinction between an artfully pled complaint and one that is preempted, but not removable, lies in whether ... "the facts alleged were sufficient to state a federal cause of action" on the face of the complaint.

*Garibaldi v. Luck Food Stores, Inc.*, 726 F.2d 1367, 1370 n. 5 (9th Cir.1984) (cite omitted).

Where the facts alleged in the complaint sufficiently state a federal claim, there is complete preemption and the action is removable on "arising under" grounds. *Garibaldi* makes it clear that a state cause of action may be "recharacterized" as a feder-

---

in the initial complaint and the failure to remove within 30 days bars a later removal. In a case not considered by this Court prior to its ruling, the Supreme Court of the United States recently recognized the propriety of this Court's approach on this issue and, in fact, on many of the issues raised in this case. *See Metropolitan Life Insurance Co. v. Taylor*, —— U.S. ——, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987), discussed *infra.*

al claim only where the state cause of action is preempted and where it is clear from a review of the complaint that federal law provides the plaintiff with a right to relief. *Hunter*, 746 F.2d at 642–3.

■ ERISA not only displaces the state laws which provide plaintiff in this action with a right to relief, but ERISA replaces that state law and provides plaintiff with a remedy. Plaintiff's claims for severance benefits and medical insurance benefits can only be made under ERISA which displaces state law and provides the plaintiff with a remedy. Therefore the mere fact that plaintiff pled his claims under state law does not preclude removal based upon ERISA preemption.[2]

While it is true that ERISA does not preempt all state claims that in any way relate to employee benefit plans, *see e.g. Powers v. South Central United Food & Commercial Workers Unions*, 719 F.2d 760 (5th Cir.1983), it is equally clear to this court that ERISA does preempt plaintiff's claims in this action. *Blau, supra; Scott, supra.*

It is also apparent that these claims were preempted by the statutory authority cited above. Defendant's contention that it could not have removed the action when the case was filed is not well taken. The right to remove emanates from the express authority of ERISA and not from later judicial recognition of that right. Even had defendant's right to remove been unclear when the case was filed, subsequent judicial decisions in cases such as *Scott* which clarified the right to remove do not either revive the right to remove or commence the running of a new 30–day period under 28 U.S.C. § 1446(b). *See Avco Corp. v. Local 1010*, 287 F.Supp. 132 (D.Conn.1968) discussed *supra*, at n. 1. Indeed, the Supreme Court has just noted that the propriety of removal does not depend upon whether preemption is "obvious" at the time the action is filed in the state court. *Metropolitan Life Ins. Co. v. Taylor*, —— U.S. ——, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). As Justice Brennan explained, "This intent to preempt became effective when ERISA became law. Consequently, although preemption was not obvious under respondent's standard at the time of removal, the District Court did in fact have jurisdiction over respondent's claim."[3] *Metropolitan Life*, 107 S.Ct. at 1548. Defendant could have, and should have removed this action based upon "arising under" jurisdiction within 30 days of receiving the complaint in 1982. The failure to do so waives defendant's right to remove this action unless a later amendment to the complaint effectively created a new suit. The abandonment of Doe defendants does

**2.** Plaintiff makes the curious argument in its Response to the Court's OSC that because ERISA provides for concurrent jurisdiction in the state and federal courts for the type of ERISA action brought here that there is no ERISA preemption in this case. Not only would such a result work contrary to plaintiff's requested desire to remand this action to the state court (if there is no preemption then the subsequent removal based upon diversity would be timely), but the contention is contrary to the law. "[C]oncurrent state court jurisdiction over a cause of action arising under federal law does not prevent removal. 28 U.S.C. § 1441(a) contains no provision that the federal courts must have exclusive jurisdiction in order for a case to be removed. In fact, just the opposite is the case. The federal court's jurisdiction is derivative of the state court's." *Harper v. San Diego Transit Corp.*, 764 F.2d 663, 666 n. 2 (9th Cir. 1985).

**3.** Taylor was employed by General Motors from 1959 until 1980 when he took a leave of absence on account of severe emotional problems not caused by his employment. Taylor was covered by an employee benefit plan which paid benefits to employees disabled by sickness or accident. Metropolitan Life Insurance Company, the plan insurer, began paying benefits, but ultimately stopped the payments. In March 1981 Taylor brought suit against General Motors and Metropolitan in state court seeking, among other things, reimplementation of all benefits and insurance coverage to which he was entitled. Defendants removed the suit to federal court on March 24, 1981 claiming that ERISA preempted his state law claims. (See 588 F.Supp. 562 (E.D. Mich.1984)). The district court held that removal was proper and granted defendants' motion for summary judgment on the merits. The Sixth Circuit reversed on the ground that the district Court lacked removal jurisdiction. 763 F.2d 216 (1985). The Supreme Court reversed holding that the action was properly removed in 1981 despite the fact that the propriety of removal may not have been "obvious" in 1981.

not create a new action and did not revive the right to remove.

## REMOVAL AND PENDENT PARTY JURISDICTION

In an unauthorized supplemental brief, defendant argues that it could not have removed this action initially because of the doctrine of pendent party jurisdiction. Defendant contends that the only claim for relief that could have been preempted by ERISA was plaintiff's claim for recovery of unpaid severance benefits and notes that this claim was only pled against defendant Weyerhaeuser. According to defendant, the remaining Doe defendants were named only in the state law claims, and therefore the action could not have been removable because of the Ninth Circuit's rule against pendent party jurisdiction.[4] Defendant argues that the rule against pendent party jurisdiction would have prevented the removal of this case in 1982 because a federal claim was asserted against only one defendant.

■ This argument is both factually and legally incorrect. First, two of the claims in plaintiff's complaint were preempted by ERISA—(i) the claim for severance benefits, and (ii) the claim for insurance benefits. The later claim is pled against all defendants, thus all defendants could have removed this action initially based upon ERISA preemption. Therefore, the pendent party argument does not apply.

■ Second, even if the pendent party argument did apply it would not mean that the entire action was not removable, it would only mean that the pendent parties could not remain in federal court. Defendant's reliance upon *Abadjian v. Gulf Oil Corp.*, 602 F.Supp. 874 (C.D.Cal.1984) is misplaced. In *Abadjian*, Judge Hatter remanded the entire action to the state court because there was no basis for jurisdiction over *any* defendant and not because some of the defendants were pendent parties.

In this case there is a jurisdictional basis over defendant Weyerhaeuser. If there were no jurisdictional basis over the Doe defendants (and as pointed out above, there is such a basis), the action still would have been removable by Weyerhaeuser. *Bonnano Linen Service, Inc. v. McCarthy*, 708 F.2d 1, 6–8, 11 (1st Cir.1983) *cert. denied* 464 U.S. 936, 104 S.Ct. 346, 78 L.Ed.2d 312 (1983), is directly on point and reaches precisely the same result.[5] As *Bonanno* states, "We hold that it is proper here for the Local to remove Bonanno's 'arising under' and pendent claims against it to federal court, even if the other state claim defendants must be left behind." 708 F.2d at 11. *Bonnano* has been approved and followed by other judges in this district. *See Adolph Coors v. Sickler*, 608 F.Supp. 1417, 1422 (C.D.Cal.1985); *Langford v. Gates*, 610 F.Supp. 120, 122 (C.D.Cal.1985).

Defendant's argument that this action would not have been removable initially under the pendent party doctrine is factually and legally incorrect. Consequently, defendant's removal of this action in 1986 on diversity grounds is untimely pursuant to 28 U.S.C. § 1446(b) and this action is hereby remanded to the state court pursuant to 28 U.S.C. § 1447.

IT IS SO ORDERED.

---

**4.** The Ninth Circuit has rejected the doctrine of pendent party jurisdiction in numerous cases including *Hymer v. Chai*, 407 F.2d 136 (9th Cir.1969), *Safeco Ins. Co. v. Guyton*, 692 F.2d 551 (9th Cir.1982), and *Carpenters Southern California Administrative Corp. v. D & L Camp Constr. Co.*, 738 F.2d 999 (9th Cir.1984).

**5.** The First Circuit Court of Appeals follows a pendent party rule similar to that followed in this Circuit.