Lyn C. NOBLE, Plaintiff,

v.

BRADFORD MARINE, INC., a Florida corporation, Prime Time Charters, Inc., a foreign corporation, and Robert Yanover, Defendants.

Robert C. MUIR, Plaintiff,

v.

BRADFORD MARINE, INC., a Florida corporation, Prime Time Charters, Inc., a North Carolina corporation, and Insurance Company of North America, a Pennsylvania corporation, Defendants.

Nos. 90–6372–CIV, 90–6599–CIV.

United States District Court,
S.D. Florida,
West Palm Beach Division.

April 17, 1992.

Doug Willis, Palm Beach Gardens, Fla., for Muir.

Kim Whitaker, Weaver, Weaver & Petrie, P.A., Ft. Lauderdale, Fla., for Noble.

Keith Grybowski, Hayden & Milliken, P.A., Layton Mank, Miami, Fla., for defendant Bradford Marine.

Gary Genovese, Conrad, Scherer & James, Ft. Lauderdale, Fla., for defendants

Prime Time Charters, Inc., Robert Yanover and Insurance Co. of North America.

## ORDER OF REMAND

PAINE, District Judge.

This matter comes before the court *sua sponte*. After an extreme close-up review of the record and excellent authorities, the court enters the following order.

### *Hurling Chunks*

On October 11, 1988, while berthed at the facilities of Bradford Marine, Inc. ("Bradford"), a fire spewed from the M/V Prime Time, a boat owned by Prime Time Charters, Inc. ("Prime Time"). The blaze hurled chunks of flaming debris to other vessels, destroying those owned by Lyn C. Noble ("Noble") and Robert C. Muir ("Muir"). Thereafter, Noble and Muir commenced, on June 7, 1989, and July 15, 1989, respectively, separate actions in the Circuit Court for the Seventeenth Judicial Circuit, in and for Broward County, Florida.

After Noble amended her Complaint so as to add Prime Time as a new party, that Defendant, on May 9, 1990, removed the proceeding to federal court, claiming original jurisdiction insofar as the Plaintiff's causes of action or rights arose under the Article III, Section 2 of the United States Constitution.[1] Prime Time asserted that removal was timely because it came within thirty days of service of the Amended Complaint. Similarly, the Muir action was also removed after that Plaintiff amended his Complaint so as to add Prime Time as a Defendant. The Noble suit, Case No. 90–6372, was randomly assigned to the under-

signed, the Muir suit, Case No. 90–6599, to another judge in this district.

Upon Bradford's objection, this court, by Order dated June 28, 1990, remanded the Noble action to the state court for the failure of all Defendants to join in the removal. On August 31, 1990, in accordance with Rule 6(C) of the General Rules of the Southern District of Florida,[2] the Muir suit was transferred to the undersigned. Thereafter, Prime Time filed a Supplemental Notice of Removal (DE 2), bearing both the Noble and Muir captions, attempting to effect a phoenix-like ascent to federal court through the Muir proceeding.

### *Like a Winged Monkey Flying Out of the Ashes ...*

A district court may, and always should, determine *sua sponte* whether its subject matter jurisdiction has been properly invoked. *Bahr v. National Ass'n of Securities Dealers, Inc.*, 763 F.Supp. 584, 587 (S.D.Fla.1991). *See* 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3721 (2d ed. 1985). In addition, removal statutes should be strictly construed, *Thomas v. Burlington Indus., Inc.*, 763 F.Supp. 1570, 1575 (S.D.Fla.1991), and "[i]f at anytime before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The Notice of Removal of a civil action must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief

---

1. Article III, Section 2 provides, in relevant part, that "[t]he judicial power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Law of the United States, and Treaties made, or which shall be made, under their Authority; ... to all Cases of admiralty and maritime Jurisdiction...." Acting on this authority, Congress, in Section 1333(1) of Title 28 of the United States Code, the successor to the Judiciary Act of 1789, granted federal district courts "original jurisdiction, exclusive of the court of the States," of admiralty and maritime cases, "saving to suitors in all cases all

other remedies to which they are otherwise entitled."

2. Rule 6(C) provides, in relevant part, that:

 Whenever an action or proceeding is filed in the Court which involves subject matter which is a material part of the subject matter of another action or proceeding then before this Court ... the newly filed action or proceeding should be transferred to the judge to whom the low numbered action or proceeding is assigned.

upon which such action or proceeding is based...." 28 U.S.C. § 1446(b). If the case, as stated by the initial pleading, is not removable, removal may be effected within thirty days after receipt or otherwise, of a copy of an amended pleading from which it may be ascertained that the case is removable. *Id.* As time limitations in removal statutes are mandatory and strictly construed in accordance with Rule 6 of the Federal Rules of Civil Procedure, the failure to comply with time requirement of Section 1446(b) is a defect causing "improvident" removal. *London v. United States Fire Ins. Co.,* 531 F.2d 257, 259 (5th Cir. 1976).[3]

### NOT!

 The addition of a new Defendant in an Amended Complaint, however, does not start the time for removal anew when the original Complaint itself was removable. *Samura v. Kaiser Foundation Health Plan, Inc.,* 715 F.Supp. 970, 971 (N.D.Cal.1989). Unless the amendment sets forth a new basis of federal jurisdiction, subsequent events do not make a removable case "more removable" or "again removable." *Hubbard v. Union Oil Co.,* 601 F.Supp. 790, 795 (S.D.W.Va.1985). Thus, the failure of initial Defendants to remove during the original thirty day time period is deemed a waiver of the right of removal which is binding on subsequently added Defendants. *Miles v. Starks,* 440 F.Supp. 947, 948 (N.D.Tex.1977).

### A Schwing and a Miss

 Because of the court's admiralty jurisdiction, Muir's original Complaint, like his Amended Complaint, provided Bradford with a basis for removal. Bradford's failure or waiver of the removal right, therefore, is binding on Prime Time, the subsequently added Defendant, since the Plaintiff's amendment did not change the nature of the "action as to constitute 'substantially a new suit begun that day.'" *Wilson v. Intercollegiate (Big Ten) Conference Athletic Assoc.,* 668 F.2d 962, 965 (7th Cir. 1982) (quoting *Fletcher v. Hamlet,* 116 U.S. 408, 410, 6 S.Ct. 426, 427, 29 L.Ed. 679 (1886)).

As a result, Prime Time's removal, almost ten months after Muir commenced suit, is untimely and is a defect deemed "way" improvident. For similar reasons, the court finds that removal of the Noble case, which had been remanded, was also untimely. In short, Prime Time's most bogus attempt at removal is "not worthy" and the Defendants must "party on" in state court.

In view of all the foregoing, it is hereby ORDERED and ADJUDGED that the above styled action is REMANDED to the Seventeenth Judicial Circuit in and for Broward County, Florida from which it was improvidently removed.

DONE and ORDERED.

---

**3.** The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.