## In re NORPLANT CONTRACEPTIVE PRODUCTS LIABILITY LITIGATION.

### Jane DOE, et al., Plaintiffs,

v.

### WYETH–AYERST LABORATORIES, et al., Defendants.

No. 1:94 CV 5006.

United States District Court, E.D. Texas, Beaumont Division.

March 17, 1995.

Aron David Robinson, Jewel Klein, Holstein Mack & Klein, Chicago, IL, for plaintiffs.

Richard Charles Bartelt, David A. Kanter, Peter A. Tomaras, Wildman Harrold Allen & Dixon, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

SCHELL, Chief Judge.

Before this court is Plaintiffs' Motion for Ruling on Magistrate's Recommendation for Remand, filed on February 1, 1995. Defendants American Home Products Corporation and Wyeth–Ayerst Laboratories' response was timely filed on February 23, 1995. A reply thereto was filed on March 6, 1995, and a surreply was filed on March 9, 1995. Upon consideration of the motion, responses, and attached exhibits, the court is of the opinion that the motion should be GRANTED.

### BACKGROUND

The Plaintiffs originally filed this suit as a class action in Illinois state court on September 13, 1993. Subsequently, Plaintiffs filed their Third Amended Complaint on August 18, 1994. In response, the Defendants removed this case to the United States District Court for the Northern District of Illinois on September 1, 1994. Finally, the Plaintiffs filed their motion to remand this action back to state court. United States District Judge Charles R. Norgle, Jr. referred the motion to Magistrate Judge Elaine Bucklo, who recommended that Plaintiffs' motion be granted. Wyeth–Ayerst next filed its Objections to Magistrate Judge Bucklo's Report and Recommendation, and Judge Norgle elected to allow this court the opportunity to remand this action.[1]

### FACTS

Defendants sold silicone-coated levonorgestrel implants ("NORPLANT") to hospitals and physicians who placed them in the bodies of patients. Plaintiffs filed this case as a class action on behalf of those patients who experienced problems which they associ-

---

1. This Court was chosen by Judge Norgle because the Judicial Panel on Multidistrict Litigation ultimately ordered twenty pending NOR-

PLANT cases to be consolidated and transferred to the Eastern District of Texas.

ate with NORPLANT. Plaintiffs seek to hold Defendants liable for both the side effects or adverse reactions allegedly caused by NORPLANT and the alleged difficulty of removing NORPLANT once it has been implanted, along with any associated mental anguish.

Plaintiffs' Second Amended Complaint contained nine counts on behalf of the entire class[2] and seventeen counts on behalf of different individuals. The class claims, while focusing on the alleged difficulties surrounding the removal of NORPLANT, included boilerplate, nearly identical prayers for relief, which sought, among other things, class certification, general and special damages, creation of a common fund on behalf of the class, and attorneys fees and costs. Further, Plaintiffs argued that punitive damages should be awarded. However, in an apparent attempt to avoid federal diversity jurisdiction, Plaintiffs brought the action on behalf of all women in the United States "who have had the NORPLANT inserted in their bodies *and who have sustained damages of less than $50,000.*" Second Amended Complaint ¶ 55.

Nevertheless, Plaintiffs were still not completely satisfied with their claims and filed a Third Amended Complaint, removing the damages cap from the class allegations. Third Amended Complaint ¶ 95. This complaint also realleges the same nine counts on behalf of the class and the seventeen counts on behalf of individuals as in the Second Amended Complaint, while adding to these counts allegations concerning the risks of surgery and associated scarring, the risk of undisclosed side effects, and the undisclosed severity of the disclosed side effects. Further, the Third Amended Complaint adds a class claim for Negligent Infliction of Emotional Distress. Finally, the Third Amended Complaint uses virtually the same boilerplate

prayers for relief as in the Second Amended Complaint.

## DISCUSSION

Plaintiffs argument in favor of remanding this case is twofold: (1) diversity jurisdiction does not exist because not all plaintiffs in the class have claims which satisfy the minimum jurisdictional amount for diversity jurisdiction; and (2) even if diversity jurisdiction does exist, the Defendants have waived their right to remove this action because they waited more than 30 days to remove this action after a complaint first stated a removable claim. Because this court holds that Defendants have waived their right to remove, this order does not address whether the requirements for diversity jurisdiction were ever satisfied, but rather assumes that they were without deciding such.

Before discussing the issue of waiver of right to remove, this court must first consider the threshold matter of which Circuit's law is to be applied.[3] The question of whether to apply the interpretation of 28 U.S.C. § 1446(b) given by the Fifth Circuit or by the Seventh Circuit in a case transferred pursuant to 28 U.S.C. § 1407 appears to be an issue of first impression. However, the District of Columbia Circuit has addressed a similar issue, which this court is able to use to enlighten its decision on this point.

The United States District Court for the District of Columbia was the transferee court, chosen by the Judicial Panel on Multidistrict Litigation, which handled the pretrial proceedings for the actions arising out of the downing of a Korean Air Lines aircraft by Soviet Union military aircraft. *In re Korean Air Lines Disaster of Sept. 1, 1983*, 829 F.2d 1171, 1172 (D.C.Cir.1987), *aff'd*, 490 U.S. 122, 109 S.Ct. 1676, 104 L.Ed.2d 113 (1989). On appeal, the Court of Appeals dealt with the issue of which Circuit's interpretation of *fed-*

---

**2.** These nine counts were: negligence; products liability; negligent misrepresentation; fraudulent misrepresentation; consumer fraud; breach of an express warranty; breach of an implied warranty of merchantability; breach of an implied warranty of fitness for a particular purpose; and a claim under the Magnuson–Moss Warranty Act.

**3.** Initially, it must be stated that, under *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), both removal and remand are procedural in nature, and therefore, this court must look to federal law in determining the outcome of this matter. Which federal law then becomes the issue.

*eral* law should apply upon transfer under 28 U.S.C. § 1407,[4] the circuit in which the transferee court sits or that in which the transferor court sits. *Id.* at 1173. In a thorough opinion written by now-Justice Ginsburg, the Court of Appeals held that the law in the transferee court should apply to federal claims transferred under § 1407, stating,

> The federal courts spread across the country owe respect to each other's efforts and should strive to avoid conflicts, but each has an obligation to engage independently in reasoned analysis. Binding precedent for all is set only by the Supreme Court, and for the district courts within a circuit, only by the court of appeals for that circuit.

*Id.* at 1176. Further, the court stated, "[W]e are persuaded by thoughtful commentary that 'the transferee court [should] be free to decide a federal claim in the manner it views as correct without deferring to the interpretation of the transferor circuit.'" *Id.* at 1174 (quoting Marcus, *Conflict Among Circuits and Transfers Within the Federal Judicial System*, 93 YALE L.J. 677, 721 (1984)).

Applying the rule as set out by the District of Columbia Court of Appeals to our case, since federal removal and remand law is at issue, it is necessary that this court look first to Fifth Circuit law as a guide. All that being said, it should be noted that this court has found that precedent within the Fifth Circuit on this point does itself look to the law of the Seventh Circuit (the transferor court's circuit) for its support. *See In re Shaffer*, 42 B.R. 522, 525 (N.D.Tex.1984) (citing *Wilson v. Intercollegiate (Big Ten) Conference Athletic Association*, 668 F.2d 962, 965 (7th Cir.), *cert. denied*, 459 U.S. 831, 103 S.Ct. 70, 74 L.Ed.2d 70 (1982)); *see also Tyler v. Bonaparte's Fried Chicken, Inc.*, 610

F.Supp. 58, 59–60 (M.D.La.1985) (discussing the application of *Fletcher v. Hamlet*, 116 U.S. 408, 6 S.Ct. 426, 29 L.Ed. 679 (1886), which *Wilson* relied upon in its holding). Therefore, after a somewhat circuitous journey, this court has determined that the law as set out in *Wilson* by the Seventh Circuit is the law regardless of whether the law of the transferee or the transferor court applies.[5]

■ The next question is then exactly how *Wilson* applies to the particular facts of the case at hand. In *Wilson*, the court was confronted with a suit brought by a college athlete claiming that the Big Ten Conference's refusal to waive its rules regarding eligibility to play football was a denial of equal protection and due process of law in violation of both the United States and Illinois Constitutions. *Wilson*, 668 F.2d at 964. Although the suit was originally removable on federal question grounds, the defendants waited until the complaint was amended, seven months after the suit was originally filed, before filing a petition to remove the case to federal court. *Id.*[6] Under the plain language of 28 U.S.C. § 1446(b),[7] this action would not be removable because of the passage of more than 30 days since the initial pleading was filed. However, the court discussed an exception to this rule which has been read into the statute by the courts. This exception applies when "the plaintiff files an amended complaint that so changes the nature of his action as to constitute 'substantially a new suit begun that day.'", in which case the defendant would have thirty additional days from the date of this amended complaint to remove the suit to federal court. *Id.* at 965 (quoting *Fletcher v. Hamlet*, 116 U.S. 408, 6 S.Ct. 426, 29 L.Ed. 679 (1886)). After discussing the purpose behind the thirty-day limitation on removal, the

4. "[C]ivil actions involving one or more common questions of fact ... pending in different districts ... may be transferred to any district for coordinated or consolidated pre-trial proceedings." 28 U.S.C. § 1407. The present case was transferred to this court under § 1407 by the Panel.

5. However, it is the opinion of this court that it is the law of the transferee court which applies.

6. The amended petition recounted the original claims and added several other claims: viola-

tions of several federal civil rights statutes, Title IX of the Education Amendments of 1972 (dealing with sex discrimination); the First Amendment to, and the full faith and credit clause of, the United States Constitution; and the Illinois Antitrust Act.

7. "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant ... of a copy of the initial pleading...." 28 U.S.C. § 1446(b).

court held that the amended complaint did not qualify for the exception to the rule. *Id.* at 966. On this point, the court wrote,

> The amendments did not change the target of Wilson's attack or the nature of the relief sought.... The basic legal theory of his action—that the Conference rules, as applied to him, were unfair and discriminatory and that he had not been given a fair hearing in his efforts to obtain a waiver of them—was unchanged.

*Id.*

The present case is much like *Wilson* in that the fundamental nature of the Plaintiffs' claims has remained unchanged; they have simply become more specific. The additional allegations and claims are merely extensions of the claims which the Plaintiffs have raised from the beginning—that they were injured because NORPLANT and the information about it from the Defendants were defective. Further, virtually the same relief is sought by the Plaintiffs in both the Second and Third Amended Complaints. Because the basic legal theory behind the Plaintiffs' complaint has not changed, the *Wilson* exception to the removal statute's requirements is not triggered, and the Defendants have waived their right to removal.

## CONCLUSION

Having found that Defendants have waived their right to remove the case to federal court, Plaintiffs' Motion to Remand is hereby GRANTED. 28 U.S.C. § 1446(b). As this action was improperly removed to federal court, it is ordered REMANDED pursuant to 28 U.S.C. § 1447(c) to the state district court from which it was removed, the Circuit Court of Cook County, Illinois.