**Ann M. BERTRAND, Plaintiff,**

v.

**Alan VINGAN, Defendant.**

**No. 95 Civ. 4739 (BDP).**

United States District Court, S.D. New York.

Sept. 26, 1995.

Mahler Harris & Engel, Kew Gardens, NY, for plaintiff.

Kelly Hodukavich & Goldberg, Elmsford, NY, for defendant.

## MEMORANDUM AND ORDER

PARKER, District Judge.

This action, arising out of a car accident was originally filed in Bronx County Supreme Court. Defendant Alan Vingan removed the action to this Court pursuant to 28 U.S.C. § 1446. Plaintiff Ann Bertrand has moved to remand the action. For the reasons stated, Bertrand's motion is granted.

### FACTS

On April 4, 1995, Bertrand, a New York resident, sent Vingan, a Connecticut resident, by certified mail copies of the summons and complaint in this action. On April 7, 1995, Vingan received the mailing, and on April 12, 1995, he signed the receipt card in plaintiff's counsel's office. Bertrand filed proof of service on April 13, 1995 with the Clerk of Bronx County. On May 9, 1995 the parties stipulated that Vingan could serve his answer on May 23, 1995. On June 23, 1995, Vingan filed a Notice of Removal. The Notice of

Removal states that Vingan received the summons and complaint on April 7, 1994. Moreover, it also states that pursuant to 28 U.S.C. § 1332, this Court has federal jurisdiction over this action based on complete diversity of citizenship and the amount in controversy exceeding the sum of $50,000. On June 29, 1995, Bertrand filed a motion to remand the action to the state court on the ground that the removal petition was not filed within 30 days after receipt of the summons with notice as required by 28 U.S.C. 1446(b).

## DISCUSSION

Under 28 U.S.C. 1446(b), the petition for removal must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action is based...." Moreover, a defendant seeking removal must strictly comply with all the statutory requirements ... and where there is doubt as to whether the requirements have been satisfied, the case should be remanded. *Ortiz v. General Motors Acceptance Corp.*, 583 F.Supp. 526, 529 (N.D.Ill.1984); see also *Gorman v. Abbott Laboratories*, 629 F.Supp. 1196, 1199 (1986); *Percell's Inc. v. Central Telephone Co.*, 493 F.Supp. 156, 157 (D.Minn. 1980).

Vingan argues that his June 23, 1995 petition is timely because the parties stipulated that he could appear and answer the complaint on May 23, 1995. We disagree. An extension of time to plead by an order of the court beyond date when pleadings would be due does not extend time for removal under a federal statute. *Upgrade Corp. v. St. Regis Paper Co.*, 417 F.Supp. 21 (N.D.Ill., 1975), affirmed without opinion, 541 F.2d 283 (7th Cir.1976); *Oldland et al. v. Gray*, 179 F.2d 408, 411 (10th Cir.1950), *cert. denied*, 339 U.S. 948, 70 S.Ct. 803, 94 L.Ed. 1362 (1950); *Burns v. Standard Life Insurance Company of Indiana*, 135 F.Supp. 904, 906–07 (D.Del.1955) ("The statute ... does not refer to an answer or pleading but provides a definite period for removal which is of statutory duration and not subject to waiver by stipulation of the parties.").

Vingan alternatively argues that removal was timely because he filed his petition within one year of commencement of this action. In support he relies on the following section of 28 U.S.C. 1446(b):

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant through service or otherwise, of a copy of an amended pleading, motion order or other paper from which it has become removable except that a case may not be removed on the basis of § 1332 of this title more than one year of commencement of the action.

Vingan's reliance is misplaced. The purpose of the above language is to recognize that the action as originally brought may not be removable but that it may become so through some event occurring afterward. Siegal, "Commentary on 1988 Revision of Section 1446," 28 U.S.C. § 1446 (1993 & Supp.) See *Gorman v. Abbott Laboratories*, 629 F.Supp. at 1203 n. 6 ("the filing of a amendment to a complaint gives rise to a new right of removal if the amendment so changes 'the character of the litigation so as to make it a new suit begun that day.'" (citing *Fletcher v. Hamlet*, 116 U.S. 408, 410, 6 S.Ct. 426, 427, 29 L.Ed. 679 (1886)). However, because no jurisdiction altering events occurred after the complaint was served, this language is unavailing.

## CONCLUSION

The removal of this action to this Court was untimely. The action is remanded.

**SO ORDERED.**