618

Walter W. CROCKER, Jr., Plaintiff,

v.

A. B. CHANCE COMPANY, a Missouri corporation, and Pitman Manufacturing Company, a Missouri corporation, Defendants.

No. 67-528-Civ-CA.

United States District Court
S. D. Florida,
Miami Division.

June 26, 1967.

---

Larry S. Stewart, of Frates, Fay, Floyd & Pearson, Miami, Fla., for plaintiff.

Francis A. C. Sevier, of Blackwell, Walker & Gray, Miami, Fla., for defendants.

## OPINION AND ORDER GRANTING MOTION TO REMAND

ATKINS, District Judge.

Walter W. Crocker, Jr., a Florida citizen, brought suit in the Circuit Court of the Eleventh Judicial Circuit of Florida in and for Dade County against A. B. Chance Company, a Missouri corporation. A. B. Chance Company was served on February 14, 1967, and filed its Answer on March 3, 1967. On April 5, 1967, Crocker amended his complaint to name Pitman Manufacturing Company, a Missouri corporation, as an additional defendant. The amended complaint, alleging joint and several liability on the part of the defendants, was served on Pitman on May 6, 1967. On May 17, 1967, Chance and Pitman filed a joint petition and bond for removal.

The cause is before the Court for consideration of plaintiff's motion to remand. The issue is the effect to be given to a removal petition filed in a diversity case by a new party defendant and joined in by the original defendant who previously waived his right to remove.

The Court is concerned with maintaining a proper balance between preserving its limited jurisdiction and protecting a defendant's right to remove under Section 1441 of Title 28, United States Code.

Chance contends that the removal petition should be granted and remand denied because the statutory time period within which to remove the amended complaint has not expired. However, had plaintiff directed his non-separable claim initially against both Pitman and Chance, the law is well settled that removal would have been proper only if both defendants joined in the removal petition. 1 Federal Practice and Procedure § 107 (Barron and Holtzoff, Wright Ed.) The belated addition of Pitman as a party defendant does not alter the fact that Chance had affirmatively waived its right to remove prior to the filing of the amended complaint.

No allegation is made that plaintiff intentionally or purposely failed to join both defendants in the original complaint. If an improper motive did exist, it could have been frustrated and easily defeated by Chance promptly and properly re-

moving the matter to this Court. It failed to do so. Now it would be sheer speculation, and hence improper, for this Court to consider what different legal strategy the defendants might have employed with respect to removal had they been joined together at the outset of this litigation. No prejudice appears from the failure to have made such initial joinder. Any sympathies the Court may feel to Pitman's removal plight must be tempered by the fact that the same well established law firm has represented both defendants from the beginning of this lawsuit. Thereupon, it is

Ordered and adjudged that the Motion to Remand this cause to the Circuit Court of the Eleventh Judicial Circuit of Florida, In and For Dade County, be and the same is hereby granted. The Clerk of this Court is directed to transfer the record in this cause to the Clerk of that Court.