John MILES, Jr.

v.

**Robert K. STARKS, d/b/a Western Cattle Co. and Saginaw Cattle Co. and Hartford Accident & Indemnity Co.**

Civ. A. No. CA 4–77–190.

United States District Court,
N. D. Texas,
Fort Worth Division.

Oct. 17, 1977.

Winifred Hooper, Jr., Fort Worth, Tex., for plaintiff.

Michael S. Baskerville, Abilene, Tex., Rufus S. Garrett, Jr., Fort Worth, Tex., for defendants.

ORDER

MAHON, District Judge.

There is now before the Court plaintiff's motion to remand.

This suit was originally filed in the 29th District Court, Hood County, Texas on March 14, 1977 by plaintiff Miles, a resident of Texas, against defendant Starks, a resi-

dent of Illinois. Defendant Starks received the complaint in this action on March 27, 1977. Defendant Starks subsequently filed in the state court a special appearance contesting jurisdiction, an answer, and other pleadings. Though the diversity of the parties was apparent, and the matter in controversy exceeded the sum of ten thousand dollars, defendant Starks did not seek removal from the state court to the district court of the United States within the thirty day period from his receipt of the complaint as provided for in civil actions in 28 U.S.C. § 1446.

An amended complaint was filed by plaintiff Miles on June 14, 1977 which added Hartford Accident & Indemnity Company as a defendant. Hartford Accident & Indemnity Company is the surety on the bond of defendant Starks required under the Packers and Stockyards Act of 1921. See 7 U.S.C. § 204. Hartford Accident & Indemnity Company filed a petition for removal on July 14, 1977. This petition for removal was filed within thirty days of Hartford's receipt of process but over three and one-half months after Starks, the original defendant, had received a copy of the initial pleading.

■ This action was originally removable by defendant Starks but was not removed. An amended complaint and the addition of Hartford Accident and Indemnity Company will not make the case again removable as to the thirty day time limit requirement, unless the amendment to the complaint naming Hartford gives rise to another removal basis. See 1A Moore's Federal Practice ¶ 0.16[3.–5], at 485–586.

■ It is defendant Hartford's contention that the amended complaint naming Hartford as a defendant based on the surety bond has created a separate claim independent of the cause of action based on the breach of contract to purchase cattle. This Court does not agree. Despite the addition of defendant Hartford, the case as it now stands is based on the same legal theory and the same factual transactions. Consequently the waiver by defendant Starks of his right to removal is procedurally binding on defendant Hartford. See *Fugard v. Thierry*, 265 F.Supp. 743 (N.D.Ill.1967). There is ample authority that the thirty day time limit for removal is mandatory, and absent a waiver by the party seeking to remand, may be insisted upon. *Dow Corning Corp. v. Schpak*, 65 F.R.D. 72 (D.C.1974) and cases cited therein.

■ It should be noted that defendant Hartford contends that plaintiff's original complaint intentionally failed to name Hartford as a defendant and that Hartford was so prejudiced by this purposeful omission that such conduct by plaintiff amounts to a waiver or estoppel, precluding an objection to a removal petition made after the thirty day time limit. It is correct that certain conduct may result in a waiver or estoppel precluding an objection to a removal request made after the thirty day time limit. However the case law concerning such estoppel is limited solely to post-removal conduct resulting in a waiver. *See Transport Indemnity Co. v. Financial Trust Co.*, 389 F.Supp. 405, 407–408 (C.D.Cal.1972) and the cases cited therein. *Transport Indemnity Co.* does mention that conceivably waiver could be based on pre-removal conduct. However, no case law exists for this proposition and *Transport Indemnity Co.* gives no specific example of what pre-removal conduct might constitute waiver. In discussing the general types of conduct precluding a plaintiff through waiver or estoppel from objecting to a late removal petition, *Transport Indemnity Co.* quotes from *Maybruck v. Haim*, 290 F.Supp. 721 (S.D.N.Y.1968) for the proposition that, "To constitute a waiver or consent to the federal court's assumption of jurisdiction, however, there must be affirmative conduct or unequivocal assent of a sort which would render it offensive to fundamental principles of fairness to remand . . . ." Defendant Hartford does call this Court's attention to *Crocker v. A. B. Chance Co.*, 270 F.Supp. 618 (S.D.Fla.1967) which involved an amended complaint naming an additional defendant after the original defendant had previously waived his right to remove. The court in *Crocker*, specifically pointed out

that there was no allegation in that case that the failure to join both of the defendants in the original case was intentional or purposeful conduct of the plaintiff. The Court in *Crocker* also pointed out that even had there been an improper motive on the part of the plaintiff in naming only one defendant in the original complaint, such improper motive could have been simply frustrated and defeated by the initial defendant seeking a timely removal. The Court went on to say that, "Now it would be sheer speculation, and hence improper, for this Court to consider what different legal strategy the defendants might have employed with respect to removal had they been joined together at the outset of this litigation." *Id.* at 619. The Court in *Crocker* concluded that there had been no prejudice resulting from the failure to originally join both defendants. In this present action this Court under these facts has determined that the facts do not indicate that defendant Hartford has been so prejudiced by the pre-removal conduct of the plaintiff that to remand would be offensive to fundamental principles of fairness.

This case should be remanded to state court.

It is so ORDERED.