In re Philip Craig SHAFFER, Debtor.

U.S. COMPANIES, INC., et al., Plaintiffs,

v.

Craig SHAFFER, Individually and d/b/a Insurance Marketing Services, Inc., Defendant.

Bankruptcy No. 383-00374-F-11. Adv. No. 384-9122.

United States Bankruptcy Court, N.D. Texas, Dallas Division.

Aug. 31, 1984.

Philip I. Palmer, Jr., Linda Coffee, PALMER, PALMER & COFFEE, Dallas, Tex., for Philip Craig Shaffer.

Cleveland G. Clinton, G. Leroy Street, GEARY, STAHL & SPENCER, Dallas, Tex., for U.S. Companies, Inc., et al.

## MEMORANDUM OPINION

JOHN CALVIN FORD, Bankruptcy Judge.

This case was referred back to this Court by Judge Robert M. Hill, United States District Court for the Northern District of Texas on May 8, 1984. The issues raised in Plaintiffs', U.S. Steel Companies, et al., (hereinafter referred to as U.S. Steel Companies) motion to vacate or, in the alternative, to modify order granting withdrawal of reference and complaint for injunctive relief were referred back for determination by this Court. Plaintiffs raise issues concerning the timeliness of the filing of the Defendant's, Craig Shaffer, petition for removal and the effect of the amendment of the original pleading on the Court's Remand Order of October 31, 1983.

It is this Court's opinion that the October 31, 1983 Remand Order is not reviewable by the District Court, that the Defendant's second petition for removal is untimely and the amendment to the pleadings did not extend the time for the Defendant to file a timely petition for removal.

### FACTS

This action was originally filed on May 14, 1982, in the 298th Judicial District Court of Dallas County, Texas, Cause No. 82–5300–M. Craig Shaffer, the Defendant in this matter before this Court, filed a voluntary petition for reorganization in the Bankruptcy Court on March 15, 1983; the

petition was voluntarily dismissed and subsequently refiled on May 17, 1983. Defendant, Craig Shaffer, filed a petition for removal of the state court action on June 19, 1983. The first petition was reinstated and the proceedings were consolidated on July 26, 1983. U.S. Companies, Plaintiffs, successfully sought a remand order and relief from the automatic stay. This Court granted the relief sought by the Plaintiffs, U.S. Companies, but stayed the enforcement of any judgment against the Defendant's assets until the conclusion of the bankruptcy proceedings in its Remand Order of October 31, 1983.

Plaintiffs amended their state court pleadings to add claims for the imposition of a constructive trust and for a permanent injunction on January 11, 1984. Defendant then filed a cross claim and amended his counterclaim on January 20, 1984.

A second petition for removal was filed by the Defendant, Craig Shaffer, with the Bankruptcy Court on February 21, 1984. The effect of this was the staying of the court action in the 298th Judicial District Court of Dallas County, Texas, Cause No. 82–5300–M. On February 22, 1984, the Defendant filed a motion to withdraw the bankruptcy proceeding to the United States District Court. Based upon the demand for a jury trial, the United States District Court withdrew the reference on March 4, 1984. The District Court then remanded this case to this Court on May 18, 1984 for determination of timeliness of the issues.

## CONCLUSIONS OF LAW

■ Removal to the bankruptcy court is accomplished by filing an Application For Removal in accordance with 28 U.S.C. § 1478 and Bankruptcy Rule 9027. A party may remove any claim or cause of action in a civil action to the bankruptcy court for the district where such civil action is pending. See 28 U.S.C. § 1478(a) (1983). The bankruptcy court, however, must have jurisdiction over a claim that is removed to it. Rule 9027 provides that the Application For Removal may be made only within the longest of three possible periods. The application may be filed

"only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief." See Bankruptcy Rule 9027(a)(2) (1983).

This Court entered an order remanding this case to the state court and granting U.S. Companies a relief from stay on October 31, 1983. Craig Shaffer had thirty days from October 31, 1983 to file his second petition for removal. A petition for removal had been previously filed on June 19, 1983 apparently in compliance with old Bankruptcy Rule 7004, but without consequence. In order to comply with the presently enacted 28 U.S.C. § 1478 and Bankruptcy Rule 9027, Craig Shaffer had to file his petition for removal no later than November 30, 1983. Instead, he allowed almost four months to pass before he filed his untimely second petition for removal on February 21, 1984. There is no doubt but that the second petition for removal was filed late and, therefore, Shaffer cannot avail himself of the protection provided by Bankruptcy Rule 9027 and 28 U.S.C. § 1478.

Craig Shaffer, Defendant and Debtor, argues that the time to file his second petition for removal was extended by the amendments to the original pleadings. It is Shaffer's contention that these amendments gave him thirty more days in which he could have filed his second petition for removal. The thirty day extension for filing a petition for removal is not provided by either 28 U.S.C. § 1478 or by Bankruptcy Rule 9027. This extension period may be established by amending a complaint or pleading under 28 U.S.C. § 1446, which provides for removal of civil action from state court to the United States district court.

■ In the case of *In re Tidwell*, 4 B.R. 100, 101 (Bankr., N.D. Texas 1980), Judge John Flowers held that 28 U.S.C. § 1478 is a federal statute and that federal law governs it. Bankruptcy Rule 9027 which provides the basis and procedure for removal of cases under 28 U.S.C. § 1478 is also governed by federal law. Moreover, Bankruptcy Rule 9027 substantially conforms to the language and procedure of 28 U.S.C. § 1446. There is no case law to guide this Court on the effect of amended pleadings on the removal of cases under 28 U.S.C. § 1478 and Bankruptcy Rule 9027. This Court must rely on decisions concerning the removal of state court actions to United States district courts under 28 U.S.C. § 1446 for guidance since federal law controls. See *In re Delta Groups, Ltd.*, 16 B.R. 333 (Bankr., N.D. Texas 1982).

■ To come within the provisions of 28 U.S.C. § 1446, the amendment of a state court complaint must be one that makes the case removable at the time of amendment. *O'Bryan v. Chandler*, 496 F.2d 403, 409, cert. denied, 419 U.S. 986, 95 S.Ct. 245, 42 L.Ed.2d 194; reh. denied, 420 U.S. 913, 95 S.Ct. 838, 42 L.Ed.2d 845 (1974). Unless the amendment gives rise to another removable basis, a party will not acquire an additional thirty days in which he or she can remove his or her case. *Miles v. Starks*, 440 F.Supp. 947 (1977), 1A MOORE'S FEDERAL PRACTICE ¶0.168 [3.–5–6] (1983). The courts have granted a thirty day extension for filing a petition for removal where the plaintiff files an amended complaint "that so changes the nature of the action as to constitute 'substantially a new suit begun that day'." *Wilson v. Intercollegiate (Big Ten) Conference Athletic Association*, 668 F.2d 962, 965; cert. denied, 459 U.S. 831, 103 S.Ct. 70, 74 L.Ed.2d 70 (1983).

■ Four separate amendments were made to the pleadings in this case. First, the Plaintiffs, U.S. Companies, Inc., amended on January 11, 1984 its petition filed on May 14, 1982 in the 298th Judicial District Court of Dallas County, Texas, Cause No. 82–5300–M. This amendment had no effect on the period for filing the petition for removal since the first amended original petition is in essence the same as the original petition. It describes the allegations and claims against Craig Shaffer in more detail and seeks to impose a constructive trust and a permanent injunction. These amendments did not change the original petition so radically that a new and substantially different case was before the 298th Judicial District Court of Dallas County, Texas. As a result, an additional thirty days was not available to the Defendant and Debtor, Craig Shaffer, for filing a second petition for removal. *O'Bryan v. Chandler*, 496 F.2d 403, cert. denied, 419 U.S. 986, 95 S.Ct. 245, 42 L.Ed.2d 194; reh. denied, 420 U.S. 913, 95 S.Ct. 838, 42 L.Ed.2d 845 (1974); *Miles v. Starks*, 440 F.Supp. 947 (1977).

The remaining three amendments to the pleadings were made by the Defendant and Debtor, Craig Shaffer, to his original answer, counterclaim and cross-claim. Shaffer amended his original answer and counterclaim on January 3, 1984, January 20, 1984 and again on February 15, 1984. The amendments of February 15, 1984 also included changes to Shaffer's original cross-claim. A review of each of the amendments to Shaffer's original answer, counterclaim and cross-claim reveals that no changes were made that gave rise to a new removable cause. Each version of the answer, counterclaim and cross-claim are basically and essentially the same. The only differences being a more detailed and descriptive pleading in place of the original answer, counterclaim and cross-claim. Consequently, Shaffer's second petition for removal fails because no new basis for removal existed on February 21, 1984.

■ More importantly, Shaffer had no right as a matter of statutory law to appeal this Court's remand order of October 31, 1983. Section 1478(b) of Title 28 United States Code grants the bankruptcy court the authority to remand any removed claim or removed cause of action on any equitable grounds. It further provides, that "an order under this subsection remanding a

claim or cause of action, or a decision not so remanding, *is not reviewable by appeal or otherwise.*" See 28 U.S.C. § 1478 (1983). If the bankruptcy court has jurisdiction over a matter that has been removed pursuant to 28 U.S.C. § 1478 and Bankruptcy Rule 9027, its ruling on such request to remand is within absolute discretion and not subject to appellate review. *In re Adams Delivery Service, Inc.,* 24 B.R. 589, 591 (Bankr.N.Y.1982).

This Court's jurisdiction extends to all claims or causes of action relating to a bankruptcy case. 28 U.S.C. § 1471(a), (b), (c) and 28 U.S.C. § 1478(a) (1983). There is jurisdiction in this Court since Cause No. 82–5300–M in the 298th Judicial District Court of Dallas County, Texas is related to the bankruptcy proceeding. It clearly meets the relationship test because the Debtor and Defendant, Craig Shaffer, is a party to both. *In re Tidwell,* 4 B.R. 100, 102 (Bankr.N.D.Texas 1980). There existed strong equitable grounds justifying the remand of this case to the state court, in particular the non-interference of the state court action with the bankruptcy proceeding and the necessity of state law to resolve the cause of action between Shaffer and U.S. Companies, Inc. The issue of the imposition of a constructive trust on the property of Craig Shaffer requires the implementation of state law. It is this Court's opinion that the state court can best determine and apply state law to the question of whether the property is subject to a constructive trust. This issue was properly remanded to the state court for determination and this Court's exclusive jurisdiction has not been evaded. Ultimate disposition of the estate assets will be based upon the issue whether the property should be impressed by a constructive trust. This Court has retained this issue since it is a federal bankruptcy question. Moreover, this Court continues to maintain exclusive jurisdiction over all assets of the bankrupt estate as was ordered in the Remand Order of October 31, 1983. Both parties' interests are protected by the retention of exclusive jurisdiction in the Remand Order and staying the enforcement of any judgments against the estate until the conclusion of the bankruptcy proceeding or at the Court's discretion.

Section 1478(b) of Title 28 United States Code also prohibits the federal district courts from reviewing an order of remand. *Harlow v. Sargent,* 14 B.R. 267 (D.Vermont 1981). The power of a federal district court to conduct an appellate review of a remand order extends only to civil rights cases. 28 U.S.C. § 1447(d) (1983). This case does not concern a civil right matter and, therefore, the remand order is not reviewable by the federal district court. The case of *In re Phillip Craig Shaffer, Debtor; U.S. Companies, Inc., et al., Plaintiffs, v. Craig Shaffer, Individually and d/b/a Insurance Marketing Service, Inc., Defendant* was properly remanded to the state court and no appeal is available from such an order of remand.

It is so ORDERED.