**ESTATE OF Shelley KRASNOW, Plaintiff,**

v.

**TEXACO, INC., t/a Star Enterprise, et al., Defendants.**

**Civ. A. No. 91–1173–A.**

United States District Court, E.D. Virginia, Alexandria Division.

Oct. 1, 1991.

---

removed raises a somewhat murky jurisdictional issue, namely whether a state court decision on a demurrer deprives a federal court of removal jurisdiction. After careful consideration of the issue presented and the arguments on both sides, the court is of the opinion that Plaintiff's motion to remand should be granted.

## I. FINDINGS OF FACT

On July 25, 1991, Plaintiff, the Estate of Shelley Krasnow, filed this action in the Circuit Court of Fairfax County, Virginia, naming Texaco, Inc., t/a Star Enterprise, Amoco Oil Company, Chevron U.S.A. Inc., and CITGO Petroleum Corporation as defendants. Plaintiff is a citizen of Virginia. None of the defendants are incorporated in Virginia or maintain their principal places of business in Virginia.

The complaint, which alleges that petroleum products leaking from Defendants' industrial complex are flowing towards Plaintiff's land and threatening to render it unusable for residential purposes, seeks temporary and permanent injunctive relief and compensation for any damages caused by the alleged nuisance. On July 30, 1991, defendant Amoco responded to the complaint by filing a demurrer[1] based on the argument that the harm alleged by Plaintiff was prospective and therefore too speculative to warrant the requested relief. Judge Thomas Fortkort overruled the demurrer after hearing argument on August 23, 1991. Shortly thereafter, on August 26, 1991, Defendants joined together to remove the case to this court. On September 20, 1991, defendant Amoco Oil Co. filed a motion to dismiss based on the same argument that it used to support its demurrer in state court. This court responded by raising with the parties the question of whether Judge Fortkort's decision on the state court demurrer deprived it of jurisdiction. Plaintiff answered by making an oral motion to remand on September 25, 1991.[2]

Mark P. Friedlander, Jr., Arlington, Va., for plaintiff.

Richard E. Wallace, Jr., David B. Graham, Kaye, Scholer, Fierman, Hays & Handler, Washington, D.C., and John A.C. Keith, Blankingship & Keith, Fairfax, Va., for defendant t/a Star Enterprise.

Benjamin J. Trichilo, Lewis, Trichilo & Bancroft, P.C., Fairfax, Va., for defendant Amoco Oil Co.

John E. Griffith, Benjamin S. Boyd, Piper & Marbury, Baltimore, Md., for defendant Chevron U.S.A., Inc.

Robert F. McDermott, Jr., Brad A. DeVore, Jones, Day, Reavis & Pogue, Washington, D.C., for defendant CITGO Petroleum Corp.

## MEMORANDUM OPINION

CACHERIS, District Judge.

Plaintiff's motion to remand this case to the Fairfax Circuit Court from which it was

---

1. Va.Code Ann. § 8.01–273 (Michie 1984) provides for the filing of demurrers.

2. Plaintiff formally filed its motion to remand on September 27, 1991.

Because it is unnecessary to a decision on Plaintiff's motion, this court will simply note but not address the res judicata issue raised by defendant Amoco receiving an adverse ruling on its demurrer in state court and then asking for what is, in effect, a second bite at the apple by filing its motion to dismiss in this court. This opinion addresses, instead, the narrow issue of whether Judge Fortkort's state court ruling on the demurrer deprives a federal court of jurisdiction to hear the case. For the reasons stated below, the court finds that it does.

## II.  CONCLUSIONS OF LAW

A.  *Waiver by defendant Amoco*

■ Provided the district court has jurisdiction, 28 U.S.C.A. § 1441(a) permits a defendant to remove any civil action brought in a state court to the federal district court for the district and division embracing the place where the action is pending. In certain circumstances, however, the defendant will be held to have waived its right to removal. A waiver must be clear and unequivocal. *Bedell v. H.R.C. Ltd.*, 522 F.Supp. 732, 738 (E.D.Ky. 1981). After reviewing the relevant authority, this court finds that a state court decision on a demurrer constitutes such a waiver.

In the seminal case of *Alley v. Nott*, 111 U.S. 472, 4 S.Ct. 495, 23 L.Ed. 491 (1884), the Supreme Court, interpreting the 1875 version of the act governing removal procedures,[3] now codified as amended at 28 U.S.C.A. § 1446 (Supp.1991),[4] held that removal was not allowed after the trial of a demurrer. In explaining its ruling, the Court stated that "[t]o allow a removal after such a trial would be to permit 'a party to experiment on his case in the state court, and, if he met with unexpected difficulties, stop the proceedings, and take the suit to another tribunal.'" *Id.* at 496, 4 S.Ct. at 495 (quoting *Removal Cases*, 100 U.S. 457, 473, 25 L.Ed. 593 (1879)). *Alley v. Nott* is not dispositive of the case before the court because the language of the statute it interpreted has been amended. *Compare* note 2 *with* note 3 (1875 act required filing of removal petition before trial, whereas current statute requires filing of removal notice within thirty days after defendant receives a copy of the initial pleading or is served with a summons). It is persuasive, however, because the amendments do not change the rationale of the court, which this court hereby adopts.

More recent cases reach the same conclusion arrived at in *Alley v. Nott*, albeit in dicta. In *Bolivar Sand Co. v. Allied Equip., Inc.*, 631 F.Supp. 171 (W.D.Tenn. 1986), the court, in deciding whether motions for a directed verdict and for a mistrial constituted a waiver of the right to remove, declared that "if a potentially dispositive motion, *such as a motion to dismiss*, is made and argued by the defendant, the state court's adverse decision cannot be 'appealed' to this Court by way of removal." Id. at 173 (emphasis added) (citing *Kiddie Rides USA, Inc. v. Elektro–Mobiltechnik GMBH*, 579 F.Supp. 1476, 1480 (C.D.Ill.1984)); *see also Bedell*, 522 F.Supp. at 738 (stating that "the mere *filing* in the state court of a pleading raising a defense which might be conclusive of the merits is insufficient for waiver" and that "[t]here must be further action on the part of the

---

**3.** The relevant portion of the 1875 act reads as follows:

That whenever either party ... entitled to remove any suit mentioned in the next preceding section shall desire to remove such suit from a State court to the circuit court of the United States, he or they may make and file a petition in such suit in such State court before or at the term at which said cause could be first tried and before the trial thereof for the removal of such suit into the circuit court to be held in the district where such suit is pending....

Act of March 3, 1875, ch. 137, § 3, 18 Stat., pt. 3, 470 (1875).

**4.** Section 1446(b) reads, in relevant part, as follows:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

defendant resulting in a decision on the merits of the defense").

In rebuttal of the cases favoring waiver under these circumstances, defendant Amoco cites *Preaseau v. The Prudential Ins. Co. of Am.*, 591 F.2d 74, 79 (1979). In *Preaseau,* the defendant was allowed to remove its case from state court to federal court after the denial of a summary judgment motion and on the day of trial. *Preaseau* is inapposite, however, because Plaintiff failed to dismiss certain Doe defendants who might have destroyed diversity until the day of trial. In other words, unlike the case at issue here, defendant could not have moved the case even one day sooner than he did. *Preaseau* does not, therefore, raise the same specter of state court experimentation at issue in this case and is, therefore, unpersuasive.

The defendants cite other cases, namely *Baldwin v. Purdue, Inc.*, 451 F.Supp. 373 (E.D.Va.1978) and *Hildreth v. General Instrument, Inc.*, 258 F.Supp. 29 (D.S.C.1966) for the proposition that the *filing* of a demurrer in state court does not waive a defendant's right to remove its case to federal court. Because the concern in this case is not with the filing of a demurrer, but with a *decision* on a demurrer, these cases are also unpersuasive.

After considering the arguments in favor of and against allowing defendants to remove to federal court after a state court decision on a demurrer, this court concludes that a defendant must not be allowed to test the waters in state court and, finding the temperature not to its liking, beat a swift retreat to federal court. Such behavior falls within the very definition of forum-shopping and is antithetical to federal-state court comity. Accordingly, defendant Amoco is held to have waived its right to remove.

B. *Waiver by Amoco's Co–Defendants*

Amoco's waiver of its right to remove constitutes a constructive waiver by each co-defendant of its right to remove. The defendants all joined in the notice of removal, and came to federal court together. They must now return together to state court in order to avoid the inefficiencies and injustices that would result from separate trials of the same action. In *Crocker v. A.B. Chance Co.*, 270 F.Supp. 618 (S.D.Fla.1967), the court held that a waiver by one defendant (for failure to file a petition for removal on time) bars removal by a subsequently joined defendant. In a much earlier Supreme Court case, the Court explained this rule as follows:

> Wesenberg lost his right to a removal by failing to make the application in time, and as Fletcher cannot take the case from the state court unless Wesenberg joins with him, it follows that he is subjected to Wesenberg's disability.

*Fletcher v. Hamlet,* 116 U.S. 408, 6 S.Ct. 426, 29 L.Ed. 679 (1886). This court finds that the rule of *Crocker* and *Fletcher* that once one defendant waives removal, a second cannot remove, applies to waivers caused by a state court decision on a demurrer. Accordingly, Plaintiff's motion to remand is hereby granted and all four defendants are directed to return to Fairfax Circuit court for further proceedings in this case.