**David M. DREXLER, Plaintiff,**

v.

**INLAND MANAGEMENT CORP. and VA Timberline, LLC, Defendants.**

**Civil Action No. 2:07cv274.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Sept. 14, 2007.

Douglas Edwin Miller, James Harrell Shoemaker, Jr., Patten Wornom Hatten & Diamonstein LC, Newport News, VA, for Plaintiff.

Marc Ericson Darnell, Winthrop Allen Short, Jr., Kaufman & Canoles PC, Newport News, VA, Scott William Kezman, Kaufman & Canoles PC, Norfolk, VA, for Defendants.

## *OPINION AND ORDER*

JEROME B. FRIEDMAN, District Judge.

This matter is before the court on the plaintiff's motion to remand. The court heard oral argument on this motion on September 11, 2007, at which time the court made a ruling from the bench. For the reasons stated on the record, the court **DENIES** the plaintiff's motion to remand.

## I. Factual and Procedural Background

The plaintiff, David Drexler, was previously employed by defendant Inland Management Corp. ("Inland"), to work as a land acquisition specialist, with the primary purpose of his employment to assist in identifying and negotiating the acquisition of large parcels of rural land for development. Inland is a Massachusetts corporation with its principal place of business in Massachusetts. Defendant VA Timberline, LLC ("VA Timberline") is a Delaware Limited Liability Company that was formed by the principals of Inland and other investors for the purpose of acquiring and developing rural land parcels for resale within Virginia.

The plaintiff did some work for the defendants in their effort to acquire and develop real property located in Isle of Wight County, Virginia, into a subdivision called Lawnes Point on the James ("Lawnes Point"). The plaintiff filed suit against the defendants on May 25, 2007, in the Circuit Court of Isle of Wight County, seeking to recover for commissions he claims are owed to him as a result of his work on the Lawnes Point project. Count One of the complaint seeks damages for breach of contract, while Count Two seeks an equitable lien over certain real property owned by VA Timberline in Isle of Wight County.

In order to secure his equitable lien claim, the plaintiff recorded a Notice of *Lis Pendens* in the Isle of Wight County Circuit Court. The function of the claim is to secure payment of the amount that the plaintiff claims he is owed under the contract. The defendants were served with process on June 5, 2007. According to the defendants' brief, the Notice of *Lis Pendens* had already had a direct negative impact on three contracts to sell three separate lots in the Lawnes Point subdivision, with a combined value of approxi-

mately $1,000,000.00. These three buyers, along with VA Timberline's title insurance companies, raised questions regarding whether marketable title to the property in question could be conveyed considering the existence of the plaintiff's Notice of *Lis Pendens.*

Although the defendants were willing to post a bond to secure the release of the *lis pendens,* no Virginia statute exists that provides for the posting of a bond in such a circumstance. Although the parties agreed on the amount of the bond, they could not come to an agreement on the terms of a bond. In the interest of expediency, the defendants scheduled a hearing in the Isle of Wight Circuit Court for June 8, 2007, at which time they filed a demurrer against Count Two of the complaint and requested that the court settle their dispute over the bond language.[1] The demurrer was specifically targeted only at Count Two because that count provided the support for the *lis pendens,* the removal of which was the defendants' immediate goal.

At the hearing, the Isle of Wight Circuit Court took the demurrer under advisement, but ruled in favor of the defendants' requested bond language and ordered the release of the *lis pendens* upon the posting of a bond in the amount of $500,000. The defendants secured the bond later in the afternoon on June 8, 2007, and then withdrew their demurrer. On June 13, 2007, the defendants removed the case to this court on the basis of diversity jurisdiction. The plaintiff filed the instant motion to remand on July 5, 2007, arguing that the defendants waived their right to removal by taking substantial action targeting the merits of the case in state court. The defendants replied on July 19, 2007.

## II. Discussion

Although there is no statutory basis for the waiver of the right to remove a case to federal court, district courts have long been empowered to find that a defendant, by certain actions taken in state court, has waived its right of removal, requiring that the case be remanded. *See, e.g., Grubb v. Donegal Mut. Ins. Co.,* 935 F.2d 57, 59 (4th Cir.1991) (noting that, "although a defendant may yet waive its 30–day right to removal by demonstrating a 'clear and unequivocal' intent to remain in state court, such a waiver should only be found in 'extreme situations' ").

In *Sayre Enters. v. Allstate Ins. Co.,* 448 F.Supp.2d 733 (W.D.Va.2006), the court noted that clear intent to remain in state court is demonstrated when a defendant takes "substantial defensive action" in an effort to obtain "a final determination on the merits of the case in state court." *Id.* at 735. There, the court considered a situation in which, prior to removal, the defendant had filed an answer, grounds of defense, a motion craving oyer, a demurrer, and objections to discovery requests. The court held that "[e]ven in combination, the[se] pleadings ... do not constitute the type of 'extreme situation' that would justify a finding of waiver." *Id.* at 736. Indeed, the mere filing of a demurrer in state court has been repeatedly held not to constitute a waiver of the right of removal. *See, e.g., Estate of Krasnow v. Texaco, Inc.,* 773 F.Supp. 806, 809 (E.D.Va.1991). In *Krasnow,* the defendant had filed a demurrer, which the state court had denied, and then attempted to remove the case. The court held that the fact that the resolution of the demurrer was against the defendant indicated that the removal was

---

1. The defendants also filed a motion craving oyer, which the court granted. Such a motion, akin to a motion for a more definite statement in federal court, is merely procedural and does not go to the merits of the case.

actually forum-shopping, and that the defendant had therefore waived its right to remove.

The facts in this case do no rise to the level of those in *Krasnow,* but instead more closely resemble those in *Sayre.* Although the state court did hear argument on the defendants' demurrer, it did not rule on that issue and indeed, the defendants withdrew their demurrer prior to removing the case to this court. It is understandable that the defendants would move with all due haste to eliminate the *lis pendens* that had been filed against them by the plaintiff, as the *lis pendens* had almost immediately had a detrimental effect on the defendants' ability to engage in their business of selling parcels of real property at Lawnes Point. It is also clear that the defendants' actions in state court were directed at eliminating the *lis pendens,* and not at obtaining a resolution on the merits of the case. Indeed, Count Two of the complaint, the plaintiff's claim for an equitable lien, does not go to the merits of the case, but instead is an effort to secure a means of recovery should the plaintiff succeed on Count One. Therefore, the demurrer filed against Count Two by the defendants cannot be considered to be an action taken in an effort to obtain final determination on the merits of the case. *See Sayre,* 448 F.Supp.2d at 735.

### III. Conclusion

Because the defendants focused their efforts on obtaining expedited relief from the plaintiff's Notice of *Lis Pendens* and substituting a bond in its stead, and once such a bond had been filed withdrew their demurrer from consideration by the Isle of Wight Circuit Court, this action does not present this court with the kind of "clear and unequivocal" evidence of intent to litigate in state court on the part of the defendants, such that this court would con-sider this case to be an "extreme situation" in which the right of removal has been waived by the defendants. Rather, the defendants properly availed themselves of their statutory right of removal, and remand at this time would be improper. Therefore, the plaintiff's motion to remand is **DENIED.**

The Clerk is **REQUESTED** to mail copies of this Order to counsel for all parties.

**IT IS SO ORDERED.**