**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-2236**

JEROME REDMAN, Individually and on behalf of all others similarly situated,

> Plaintiff – Appellee,

v.

JAVITCH BLOCK, LLC,

> Defendant – Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:21−cv−00037−GMG)

Submitted:  October 3, 2022                    Decided:  December 15, 2022

Before WILKINSON, RICHARDSON, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Tyler G. Lansden, Michael D. Slodov, JAVITCH BLOCK LLC, Cleveland, Ohio, for Appellant.  Stephen G. Skinner, SKINNER LAW FIRM, Charles Town, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Javitch Block, LLC appeals the district court's order granting Jerome Redman's motion to remand, in which the court determined that Javitch waived its right to remove this matter from state to federal court. Because the district court's finding of waiver was not clearly erroneous, we affirm.

I.

This case arises out of two successive lawsuits in the Circuit Court of Berkeley County, West Virginia. The first was a debt collection action by FIA Card Services, N.A. against Jerome Redman, in which FIA eventually obtained a default judgment. J.A. 20–22. Javitch Block, LLC became involved when it filed a wage garnishment execution against Redman to collect this default judgment on FIA's behalf. J.A. 23. Redman later became aware of this default judgment and filed a motion to set it aside. J.A. 135, 464–69. The state court, Judge R. Steven Redding, granted that motion and allowed Redman to assert defenses and counterclaims against FIA and a third-party complaint against Javitch. J.A. 478–95. Redman and FIA eventually reached a settlement, and they voluntarily dismissed the original complaint and counterclaims. J.A. 118–19. After voluntarily dismissing his third-party claim against Javitch in the first action, Redman filed a class action complaint against Javitch in January 2021 in the same court, alleging violations of West Virginia law. J.A. 150, 518-543. The new case was originally assigned to a different judge. *See* J.A. 440.

On February 11, 2021, Redman amended the complaint to add claims under the federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692p. J.A. 5–24. The new FDCPA claim triggered federal court removal eligibility pursuant to 28 U.S.C.

§ 1441(a). Under 28 U.S.C. § 1446(b)(3), Javitch was required to file a notice of removal within 30 days of the amended complaint. However, on February 25, fourteen days after the action became removable, Javitch filed a motion to dismiss all claims in state court. J.A. 25–50. Javitch then filed several other litigation documents before the state court, such as a notice of supplemental authority and a motion to stay discovery pending resolution of the motion to dismiss. J.A. 431–38. On March 5, the presiding judge recused himself and the case was transferred to Judge Redding. J.A. 439–40. A few hours later, Javitch filed a notice of removal, and the case was subsequently transferred to federal court. J.A. 441–46.

In federal court, Redman filed a motion to remand, arguing that Javitch waived its right to remove when it continued to litigate in state court after it had sufficient notice of removal eligibility. J.A. 450–61. The district court granted the motion, concluding that Javitch's filings in state court "demonstrate[d] [its] desire to litigate the matter in state court," thereby waiving its removal right. J.A. 607. The court found the motion to dismiss particularly evident of that intent as it "raised dispositive arguments." *Id.* This included a *res judicata* argument, in which Javitch contended that the debt collection litigation precluded Redman's new class action claims. *Id.* The district court believed that the state court was thus better equipped to handle the case. *Id.* Moreover, it found "[p]articularly interesting" the timing of defendant's removal notice as it was "just three hours after the case was reassigned to [Judge Redding,] who handled the first litigation involving these parties." *Id.* Javitch subsequently filed a motion to stay remand pending appeal or for expedited reconsideration. J.A. 609–28. The district court denied this motion, reasoning

3

again that "judicial economy clearly weighs in favor of this case being decided by the court in which it originated and was already, partially litigated." J.A. 629–31.

## II.

Javitch appeals the district court's remand order. There is no dispute that Javitch timely filed its notice of removal within 30 days of receiving Redman's amended complaint raising the federal FDCPA issue. *See* 28 U.S.C. § 1446(b)(3). Javitch instead argues that it did not waive its right to remove this state court action to federal court.

A district court's "waiver determination involves a factual and objective inquiry as to the defendant's intent to waive." *Grubb v. Donegal Mut. Ins. Co.*, 935 F.2d 57, 59 (4th Cir. 1991) (quoting *Rothner v. City of Chicago*, 879 F.2d 1402, 1408 (7th Cir. 1989)). We thus "review this factual finding for clear error." *Northrop Grumman v. Dyncorp Int'l LLC*, 865 F.3d 181, 186 (4th Cir. 2017). Under a clear error standard of review, we determine "[i]f the district court's account of the evidence is plausible in light of the record viewed in its entirety." *United States v. Thorson*, 633 F.3d 312, 317 (4th Cir. 2011). "If so, we may not reverse the district court's conclusion—even if we may have weighed the evidence differently." *Walsh v. Vinoskey*, 19 F.4th 672, 677 (4th Cir. 2021).

The district court was not clearly erroneous in determining that Javitch waived its right to remove. Javitch disputes that the standard of review is one of clear error, but we would uphold the district court's determination under any standard. We have found that "a defendant may yet waive its 30-day right to removal by demonstrating a 'clear and unequivocal' intent to remain in state court." *Grubb*, 935 F.2d at 57 (quoting *Rothner*, 879 F.2d at 1416). Waiver of this right is only appropriate "in extreme situations, when judicial

4

economy, fairness, and comity demand it." *Northrop Grumman*, 865 F.3d at 186 (internal quotations omitted). In past cases, we have looked to see whether a defendant has taken substantial defensive action in state court before petitioning for removal. *See Aqualon Co. v. MAC Equipment, Inc.*, 149 F.3d 262, 264 (4th Cir. 1998); *see also Northrop Grumman*, 865 F.3d at 188.

Here, Javitch took several actions which expressed the requisite intent to remain in state court. First, Javitch filed a motion to dismiss in which it raised substantive arguments before the state court. Under West Virginia law, a ruling on a motion to dismiss amounts to an adjudication on the merits. *See Sprouse v. Clay Comm., Inc.*, 211 S.E.2d 674, 696 (W. Va. 1975). Thus, Javitch opened itself up to a complete merits determination in state court. Further, Javitch filed this motion a full two weeks after receiving notice that the case was removable. Instead of proceeding straight to federal court, Javitch decided to avail itself of state court. Then, before removing the case, Javitch supplemented its motion to dismiss with additional authority, further demonstrating an intent to receive a merits determination on the matter in state court. And finally, Javitch moved to stay discovery pending resolution on the motion to dismiss. These actions show Javitch "actively engage[d] in defensive litigation in the state court[.]" *Northrop Grumman*, 865 F.3d at 188.

As for the "extreme situations" determination, the district court was also not clearly erroneous in finding this satisfied. It found that "judicial economy clearly weighs in favor of this case being decided by the court in which it originated and was already, partially litigated." J.A. 630. We note that Javitch waited 22 days before removing the complaint, and only did so three hours after the case was reassigned to Judge Redding. Javitch cannot

5

"be allowed to test the waters in state court . . . and finding the temperature not to its liking, beat a swift retreat to federal court." *Northrop Grumman*, 865 F.3d at 188 (quoting *Estate of Krasnow v. Texaco, Inc.*, 773 F.Supp. 806, 809 (E.D. Va. 1991)). Javitch sought to use the state court proceedings to its advantage several times over, and only changed its mind once Judge Redding was assigned to the case. Under these circumstances, the district court was not clearly erroneous in finding Javitch waived its right to removal, and we affirm.

*AFFIRMED*